| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **Anthony O. Egbase**<br>**The World Trade Center**<br>**350 S. Figueroa Street, Suite 189**<br>**Los Angeles, CA 90071**<br>**213-620-7070 Fax: 213-620-1200**<br>California State Bar Number: **181721**<br>**info@aoelaw.com** | |

☐ *Individual appearing without attorney*
☒ *Attorney for: Debtors and Debtors In Possession*

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| In re:<br><br>        **Paula Rae Oliver**<br><br><br>                        Debtor(s). | CASE NO.: **2:15-bk-18116-VZ**<br><br>CHAPTER: 11 |
|---|---|
| | **FIRST AMENDED CHAPTER 11 PLAN AS MODIFIED PURSUANT TO 11 U.S.C. 1127(A); FED.R.BANKR.P 3019 (REDLINE)** |
| | DATE:  **TBD**<br>TIME:  **TBD**<br>COURTROOM:  **1368**<br>PLACE:  **255 E. Temple St., Los Angeles, CA 90012** |

This plan of reorganization (the Plan) under chapter 11 of the Bankruptcy Code provides for restructuring of the debts of the above-named Debtor. If confirmed, the Plan will bind all creditors provided for in the Plan, whether or not they file a proof of claim, accept the Plan, object to confirmation, or have their claims allowed. All Creditors should refer to Articles I-IV of this Plan for the precise treatment of their claims. A disclosure statement (the Disclosure Statement) that provides additional information is being served with this Plan. The Disclosure Statement is explanatory only; the language used in the Plan is binding. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one.**

## Article I
## Treatment of Unclassified Claims

        Under § 1123(a)(1)(i) administrative expense claims allowed under § 503(b) and entitled to priority under § 507(a)(2) (including the claims of professionals, United States trustee fees, and postpetition domestic support obligations; (ii) involuntary gap period claims under § 507(a)(3); and (iii) priority tax claims under § 507(a)(8) are not classified and are not entitled to vote on confirmation of the Plan. These claims shall be treated as follows:

This form is optional.    It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                                                                     *Page 1*    **F 2081-1.PLAN**

A. <u>Professional Fees</u>. Professional fees may only be paid upon application to and approval by the court. The Debtor will pay professional fees in full in cash on the later of (i) the Effective Date or (ii) upon court order, except to the extent that a holder of such claim agrees to other terms. <span style="color:red">Debtor will pay AOE Law & Associates $26,000 on the effective date of the plan.</span>

B. <u>Other Administrative Claims</u>. The Debtor will pay other claims allowed under § 503(b) and entitled to priority under § 507(a)(2), including domestic support obligations arising postpetition[1] and United States trustee fees, in full on the Effective Date (although expenses arising and paid in the ordinary course of Debtor's financial affairs may be paid as due), except to the extent that a holder of these claims agrees to other terms.[2]

C. <u>Tax Claims</u>. The Debtor will pay claims entitled to priority under § 507(a)(8) in full over time with 3% interest in equal amortized payments in accordance with § 511. <span style="color:red">Debtor will pay Internal Revenue Service's priority claim in the amount of $21,992 over 4 years at interest rate of 3%. Payments of $486.78 will be made monthly, due on the first day of the month, starting on the first such date after the Effective Date and ending on the last such date that is no more than 5 years after the entry of the order for relief.[3]</span>

D. <u>Involuntary Gap Period Claims pursuant to § 507(a)(3)</u>. The Debtor will pay claims allowed under § 502(f) in full on, or as soon as practicable after, the Effective Date except to the extent a holder of such claim agrees to other terms.[4]

**Article II**
**Classification and Treatment of Claims**

**<u>Classes 1(a)-(e): Priority Claims</u>.**

These impaired classes include allowed unsecured claims entitled to priority under § 507 (except administrative claims under § 507(a)(2), involuntary gap period claims under § 507(a)(3) and priority tax claims under § 507(a)(8), which are unclassified and treated in Article I). For instructions on voting, see Part 2 of the Disclosure Statement. If any Class does not vote to accept the Plan, then each claim in the non-accepting class will be paid in full on the Effective Date (except to the extent a holder of a claim in the class agrees to other terms). Creditors in Class 1 are treated as follows (*Check each box that applies*):

☒ Debtor has no creditors in Class 1

☐ Class 1(a): Unsecured domestic support obligation claims entitled to priority under § 507(a)(1). Debtor proposes to pay each claim in Class 1(a) in full over years, with _____% postconfirmation interest. Payments will be made in equal ☐ monthly ☐ quarterly amortized installments, due on the first day of each calendar ☐ monthly ☐ quarterly, starting on the first such date after the Effective Date. This class is impaired and entitled to vote on confirmation of the Plan.

☐ Class 1(b): Wage and commission claims entitled to priority under § 507(a)(4). The Debtor proposes to pay each claim in Class 1(b) in full over years, with _____% postconfirmation interest. Payments will be made in equal ☐ monthly ☐ quarterly amortized installments, due on the first day of each calendar [month][quarter], starting on the first such date after the Effective Date. This class is impaired and entitled to vote on confirmation of the Plan.

---

[1] Section 1129(a)(14) requires payment of all domestic support obligations arising postpetition.
[2] Section 1129(a)(9)(A) requires payment in full of administrative expenses on the Effective Date.
[3] Payment of priority tax claims in full within 5 years of the petition date and on terms not less favorable than those accorded the most favored nonpriority creditor is required by § 1129(a)(9)(C) IF THE ABSOLUTE PRIORITY RULE APPLIES AND CLASS 6(B) VOTES TO REJECT THE PLAN, ADD THE FOLLOWING: "Accordingly, if Class 6(b) votes to reject the Plan and is paid in full over time, tax priority claimants will receive an interest rate of _____% and maturity on _____. This treatment is at least as favorable as that received by Class 6(b)."
[4] This treatment is required by § 1129(a)(9)(A).

This form is optional.    It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                    *Page 2*                                    **F 2081-1.PLAN**

☐      Class 1(c): Employee benefit plan contribution claims entitled to priority under § 507(a)(5). The Debtor proposes to pay each claim in Class 1(c) in full over years, with _____% postconfirmation interest. Payments will be made in equal ☐ monthly ☐ quarterly amortized installments, due on the first day of each calendar ☐ month ☐ quarter, starting on the first such date after the Effective Date. This class is impaired and entitled to vote on confirmation of the Plan.

☐      Class 1(d): Grain producer and fisherman claims entitled to priority under § 507(a)(6). The Debtor proposes to pay each claim in Class 1(d) in full over years, with _____% postconfirmation interest. Payments will be made in equal ☐ monthly ☐ quarterly amortized installments, due on the first day of each calendar ☐ month ☐ quarter, starting on the first such date after the Effective Date. This class is impaired and entitled to vote on confirmation of the Plan.

☐      Class 1(e): Consumer deposit claims entitled to priority under § 507(a)(7). The Debtor proposes to pay each claim in Class 1(e) in full over years, with _____% postconfirmation interest per annum. Payments will be made in equal ☐ monthly ☐ quarterly amortizing installments, due on the first day of each calendar ☐month ☐ quarter, starting on the first such date after the Effective Date. This class is impaired and entitled to vote on confirmation of the Plan.

**Class 2: Secured claims on Debtor's principal residence.**

A.      Unimpaired secured claims on Debtor's principal residence. These classes include claims secured solely by the Debtor's principal residence. All arrearages shall be paid on, or as soon as practicable after, the Effective Date unless the holder of the claim agrees to other terms. Regular payments shall be made as they come due based on their respective governing loan documents, and except with respect to curing the arrearages, the Plan does not alter the legal, equitable or contractual rights of the creditor. The Debtor shall maintain current payments and the Plan must not otherwise alter the legal, equitable or contractual rights of the creditors to which that claim entitles the holder of the claim.

These classes are unimpaired and not entitled to vote on the Plan.

Class 2(a): Secured claim of: _____Not Applicable_____
Property address or description of collateral: _____
Priority of lien: _____
Total amount of allowed claim: $_____
Amount of arrearages: $_____
Regular monthly payment: $_____
Class 2(b): Secured claim of: _____Not Applicable_____
Property address or description of collateral: _____
Priority of lien: _____
Total amount of allowed claim: $_____
Amount of arrearages: $_____
Regular monthly payment: $_____

B.      Impaired secured claims on Debtor's principal residence. **Debtor is the not borrower on this loan. Debtor and her father held title as joint tenant with right of survivorship.   Debtor's father is the only party on the loan.**

Class 2(c): Secured claim of:. The Bank of New York Mellon fka The Bank of New York, as trustee, for the Certificateholders CWALT, INC., Alternative Loan Trust 2007-HY9 Mortgage Pass-Through Certificates, Series 2007-HY9
Property address or description of collateral: 4209 Scott Street, Torrance, CA 90503-5450
Priority of lien: _____First_____
Total amount of allowed claim as of January 4, 2016:$730,117.81
Total amount of payments (over time) to satisfy the secured claim:$1,369,076.86
Interest rate (to compensate creditor because claim is paid over time): 4.5%
First payment date: _____the first day of the month after the effective date of the plan
Amount of each installment: $___3,612.34_____
Frequency of payments: _____Monthly_____

This form is optional.   It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                    *Page 3*                                    F 2081-1.PLAN

Total yearly payments: $_____43,448.08_____
Final payment date: ____July 1, 2047_____
Monthly payments will be due on the first day of the month.

**The treatment of The Bank of New York Mellon's Class 2(c) Claim shall be in accordance with the terms and provisions of that Claim Treatment Stipulation between the parties and related order thereon at Docket Numbers 90 and __, respectively, which are incorporated herein by this reference.    See Exhibit 2.**

## Class 3: Unimpaired secured claims on property other than the Debtor's principal residence.

This class includes claims secured by a lien on property other than the Debtor's principal residence in which Debtor has an interest that is unimpaired under the Plan. Debtor will cure any default that occurred before or after the petition date in this case, reinstate the maturity of that claim as such maturity existed before the default, maintain current payments, and not otherwise alter the legal, equitable or contractual rights to which that claim entitles the holder of the claim. All arrearages shall be paid in full on, or as soon as practicable after, the Effective Date, unless the holder of the claim agrees to other terms. Regular payments made thereafter will be made when due under the documents governing claim.

These classes are unimpaired and not entitled to vote on the Plan.

Class 3(a): Secured claim of: Not Applicable_____
        Description of collateral: _____
        Priority of lien: _____
        Total amount of allowed claim: $_____
        Amount of arrearages: $_____
        Regular monthly payment: $_____

Class 3(b): Secured claim of: Not Applicable_____
        Description of collateral: _____
        Priority of lien: _____
        Total amount of allowed claim: $_____
        Amount of arrearages: $_____
        Regular monthly payment: _____

## Class 4: Unimpaired secured claims on Collateral to be Surrendered by Debtor.

This class includes claims secured by a lien on property in which the Debtor has an interest that are unimpaired under the Plan. Debtor will not retain interest in such property(ies) and will surrender such collateral to the secured creditor:    ☐ not later than Effective Date    ☐ by (date): _____
Class 4(a):  Secured claim of: Not Applicable_____
        Description of collateral:_____
Class 4(b):  Secured claim of: Not Applicable_____
        Description of collateral:_____

## Class 5: Impaired secured claims

The following classes include claims secured by a lien on property in which Debtor has an interest, other than the secured claims in Class 2 and the unimpaired secured claims in Classes 3 and 4.

The secured portion of the following impaired class(es) shall be paid as set forth below. The arrearages in the sum of $_____ shall be paid over ____years with _____% interest. To cure the arrearages, the payments shall be made in ☐ monthly ☐ quarterly amortized installments beginning on the first day of each calendar ☐ month ☐ quarter after the Effective Date (Cure Payments). Ongoing payments shall be made ☐ as they come due based on their respective governing loan documents (Regular Payments), or ☐ in modified payments as described below. The amount of the claim, if any, in excess of the secured claim is an unsecured claim in Class 6. However, if the holder of a secured claim makes a timely and valid §1111(b) election, the claim shall be treated as a secured claim notwithstanding § 506(a).

The following chart lists Class 5 claims and their proposed treatment under the Plan:

This form is optional.    It has been approved for use in the United States Bankruptcy Court for the Central District of California.

_December 2012_                                      _Page 4_                            **F 2081-1.PLAN**

Class 5(a): Secured claim of: _____Not Applicable_____
           Property address or description of collateral: _____
           Priority of lien: _____
           Amount of arrearages: $_____
           Total amount of allowed claim as of: _____
           ☐ monthly ☐ quarterly Cure Payment amount: $_____
           ☐ monthly ☐ quarterly Regular Payment amount: $_____
           Total ☐ monthly ☐ quarterly payments: $_____
           Total amount of payments (over time) to satisfy the secured claim: $_____
           Interest rate (to compensate creditor because claim is paid over time): _____%
           First payment date: _____
           Amount of each installment: $_____
           Frequency of payments: _____
           Total yearly payments: $_____
           Final payment date: _____
           Monthly payments will be due on the first day of the month.

Class 5(b): Secured claim of: _____Internal Revenue Service_____
           Property address or description of collateral: ___Personal Properties on Schedule B_____
           Priority of lien: _____First_____
           Total amount of allowed claim as of 8/1/2015: ___$13,067.00_____
           Total amount of payments (over time) to satisfy the secured claim: $14,088.00_____
           Interest rate (to compensate creditor because claim is paid over time): 3%
           First payment date: ___First day of the month following the effective date of the plan___
           Amount of each installment: $289.23____
           Frequency of payments: _____Monthly_____
           Total yearly payments: $2,817.60____
           Final payment date: ___48 months after the effective date of the plan_____
           Monthly payments will be due on the first day of the month.

Class 5(c): Secured claim of: _____Franchise Tax Board_____
           Property address or description of collateral: ___Personal Properties on Schedule B_____
           Priority of lien: _____First_____
           Total amount of allowed claim as of 8/1/2015: ___$6,589.27_____
           Total amount of payments (over time) to satisfy the secured claim: $7,104.00_____
           Interest rate (to compensate creditor because claim is paid over time): 3%
           First payment date: ___First day of the month following the effective date of the plan___
           Amount of each installment: $145.84____
           Frequency of payments: _____Monthly_____
           Total yearly payments: $1,420.80____
           Final payment date: ___48 months after the effective date of the plan_____
           Monthly payments will be due on the first day of the month.

Class 5(d): Secured claim of: Deutsche Bank National Trust Company as Trustee for HSI Asset Loan Obligation Trust
           2007-AR1, Mortgage Pass-Through Certificates, Series 2007-AR1
           Property address or description of collateral: 1 Rockinghorse Road, Rancho Palos Verdes, CA 90275
           Priority of lien: _____First_____
           Total amount of allowed claim as of 8/1/2015: ___$845,000.00_____
           Total amount of payments (over time) to satisfy the secured claim: _____Unknown_____
           Interest rate (to compensate creditor because claim is paid over time): 5%
           First payment date: _____9/1/2015_____
           Amount of each installment: $___4,536.14_____
           Frequency of payments: _____Monthly_____
           Total yearly payments: $_____54,433.68_____
           Final payment date: ___6/1/2036_____
           Monthly payments will be due on the first day of the month.

This form is optional.    It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                                  Page 5                                                  F 2081-1.PLAN

The treatment of Deutsche Bank National Trust Company's Class 5(d) Claim shall be in accordance with the terms and provisions of that Claim Treatment Stipulation between the parties and related order thereon at Docket Numbers 65 and 69, respectively, which are incorporated herein by this reference.   See Exhibit 1.

Class 5(e): Secured claim of: _____Santander Consumer USA_____
        Property address or description of collateral: ____2012 BMW 3 Series____
        Priority of lien: _____First_____
        Total amount of allowed claim as of 7/6/2015: __$25,456.85_____
        Total amount of payments (over time) to satisfy the secured claim: $29,229.48
        Interest rate (to compensate creditor because claim is paid over time): 4%
        First payment date: ____First day of the month following the effective date of the plan____
        Amount of each installment: $347.97
        Frequency of payments: _____Monthly_____
        Total yearly payments: $4,175.64
        Final payment date: ___84 months after the effective date of the plan_____
        Monthly payments will be due on the first day of the month.

Class 5(f): Secured claim of: _____Los Angeles County Tax Collector_____
        Property address or description of collateral: ____4209 Scott Street, Torrance, CA 90503-5450____
        Priority of lien: _____First_____
        Total amount of allowed claim as of 12/1/2015: __$16,238.98_____
        Total amount of payments (over time) to satisfy the secured claim: $24,741.60
        Interest rate (to compensate creditor because claim is paid over time): 18%
        First payment date: ____First day of the month following the effective date of the plan____
        Amount of each installment: $412.36____
        Frequency of payments: _____Monthly_____
        Total yearly payments: $4,948.32
        Final payment date: ___Unknown_____
        Monthly payments will be due on the first day of the month.

     If a secured creditor disputes the value of its collateral as stated above, that secured creditor must timely file an objection to confirmation of the Plan, or the value stated by Debtor may be determined to be the value of the collateral. The objection must be accompanied by competent evidence of valuation. If the value of the collateral is disputed, the court may schedule a separate hearing to determine value.

     To the extent that certain creditors' claims are entitled to various amounts due because defaults are not cured or paid in full on or before the Effective Date, those classes of creditors are impaired and entitled to vote on the Plan. See Part 2 of the Disclosure Statement for instructions on voting.

**Class 6: General Unsecured Claims.**

     ☐ Class 6(a): Smaller Unsecured Claims. This class includes any allowed unsecured claim of _____ $_____ or less and any allowed unsecured claim larger than $_____ but whose holder agrees to reduce its claim to $_____ . Each member of this class shall receive on the Effective Date, or as soon as practicable thereafter, a single payment equal to 100% of the allowed claim. This class is unimpaired and not entitled to vote on the plan.

     ☒ Class 6(b): Other General Unsecured Creditors. This class includes all allowed unsecured claims not in Class 6(a) and not entitled to priority. Each member of Class 6(b) shall be paid ___0.8___ % of its claim over _5___ years in equal ☒monthly ☐ quarterly installments, due on the first day of each calendar ☒ month ☐ quarter, ☐ with interest at the rate of _____% per annum ☒ without interest starting on the first such date after the Effective Date. If payments are not proposed as equal monthly installments, they will be paid as follows:

     This class is impaired and entitled to vote on confirmation of the Plan. For instructions on voting, see Part 2 of the

This form is optional.    It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                      *Page 6*                                      F 2081-1.PLAN

Disclosure Statement.

Undisputed Class 6 claims, as of this date, are listed on Exhibit C to the Disclosure Statement.

**Article III**
**Allowance and Disallowance of Claims**

A. Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed and as to which either: (i) a proof of claim has been filed or deemed filed and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed and the Debtor has scheduled such claim as disputed, contingent, unliquidated or unknown.

B. Delayed Distribution on Disputed Claims. No distribution will be made on account of that portion of a claim that is disputed unless it is allowed by final nonappealable order.

C. Settlement of Disputed Claims. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with FRBP 9019 unless the amount allowed by the compromise does not exceed $___1,000.00___ , in which case no court approval is necessary.

**Article IV**
**Executory Contracts and Unexpired Leases**

A. <u>Executory Contracts and Leases Assumed</u>. The Debtor assumes the executory contracts and unexpired leases enumerated in Exhibit E to the Disclosure Statement, effective upon the Effective Date, and shall perform all obligations thereunder, both preconfirmation and postconfirmation. Any preconfirmation arrearages shall be paid by the Effective Date, unless the parties agree otherwise or the court finds that a proposed payment schedule provides timely cure and adequate assurance of future performance. Postconfirmation obligations will be paid as they come due.

B. <u>Executory Contracts and Leases Rejected</u>. The Debtor is conclusively deemed to have rejected all executory contracts and/or unexpired leases not previously assumed or listed in Exhibit E to the Disclosure Statement as of the Effective Date. A proof of claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than 30 days after the date of the order confirming this Plan. Claims arising from the rejection of an executory contract or unexpired lease under this section are general unsecured claims in Class 6, except to the extent this court orders otherwise.

**Article V**
**Means of Implementation**

The Plan will be funded through (*Check each box that applies*):

a. ☒ $_____27,825.00_____ of cash available on the date of the Plan confirmation hearing;

b. ☐ A sale of the following property (*describe*)

described in the Plan, which the Debtor estimates will produce $_____ ;

c. ☒ additional cash from projected disposable income (projected to be $200.34_____ /month for the 5 year(s)[5] following confirmation); and/or

d. ☐ other sources of funding, as follows:

Please see Part 3 of the Disclosure Statement for further details of these projections.

**Article VI**

---
[5]This number should match the number of years selected for payments made to creditors under the plan and the number of years of projected disposable income calculated in Part 3.C. of the Disclosure Statement.

This form is optional.   It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                        *Page 7*                                  **F 2081-1.PLAN**

**Discharge and Other Effects of Confirmation**

A. Discharge. Upon completion of all payments under the Plan, the Debtor shall receive a discharge of all preconfirmation debts, whether or not the creditor files a proof of claim, or accepts the Plan, unless the court orders otherwise. Such discharge will not discharge Debtor from any debts that are nondischargeable under § 523 or the obligations created by this Plan.

B. Vesting of Property. On the Effective Date, all property of the estate will vest in the reorganized debtor pursuant to § 1141(b), free and clear of all claims and interests except as provided in the Plan.

C. Plan Creates New Obligations. Except as otherwise stated in the Plan, the payments promised in the Plan constitute new contractual obligations that replace those obligations to creditors that existed prior to the Effective Date.

D. Creditor Action Restrained. Creditors may not take any action to enforce either preconfirmation obligations or obligations due under the Plan, so long as the Debtor is not in material default under the Plan. If the Debtor is in material default under the Plan, affected creditors may: (i) take any action permitted under nonbankruptcy law to enforce the terms of the Plan; or (ii) move to dismiss this case or to convert this case to a chapter 7 bankruptcy case.

E. Material Default Defined. If Debtor fails to make any payment required under the Plan, or to perform any other obligation required under the Plan for more than 14 days after the time specified in the Plan, the affected creditor may serve upon Debtor and Debtor's attorney (if any) a written notice of default. The Debtor is in material default under the Plan if the Debtor fails within 21 days of the service of such notice of default, plus 3 additional days if served by mail, either: (i) to cure the default or (ii) to obtain from the court an extension of time to cure the default or a determination that no default occurred.

F. Retention of Jurisdiction. This court retains jurisdiction until all Plan payments have been made.

**Article VII
General Provisions**

A. Definitions and Rules of Construction. The definitions and rules of construction set forth in §§ 101 and 102 of the Bankruptcy Code shall apply when terms defined or construed in the Bankruptcy Code are used in the Plan.

B. Effective Date of Plan. The Effective Date of the Plan is 14 days following the date of the entry of the order confirming the Plan. But, if a stay of the confirmation order is in effect on that date, the Effective Date will be the first business day after the date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

C. Cramdown. Debtor reserves the right to seek confirmation of the Plan notwithstanding the rejection of the Plan by one or more classes of creditors, pursuant to § 1129(b).

D. Binding Effect. The rights and obligations of any entity named or referred to in this Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity.

E. Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of the Plan.

F. Controlling Effect. Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code or FRBP), the laws of the State of California govern the Plan and any agreements, documents, and instruments executed in connection with the Plan, except as otherwise provided in this Plan.

G. Final Decree. Pursuant to FRBP 3022, a Final Decree may not be entered until a bankruptcy case is fully administered. The court may, however, allow a Final Decree to be entered at an earlier date if requested in Miscellaneous Provisions (below), or for cause shown.

H. Miscellaneous Provisions:_____

This form is optional.    It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                      *Page 8*                                      **F 2081-1.PLAN**

Date:    1/25/16

By:    _____
Signature of Debtor

Name:    _____
        Paula Rae Oliver
Printed name of Debtor

Date:    1/25/16

By:    ___/s/ Anthony O. Egbase_____
Signature of attorney for Debtor,if any

Name:    ___Anthony O. Egbase_____
Printed name of attorney for Debtor,if any

This form is optional.    It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                        Page 9                                        F 2081-1.PLAN

# <u>EXHIBIT 1</u>

LAW OFFICES OF LES ZIEVE
Brian H. Tran, Esq. #255577
Leslie M. Klott, Esq. #279622
30 Corporate Park, Suite 450
Irvine, CA 92606
Phone:          (714) 848-7920
Facsimile:      (714) 908-7807
Email:          bankruptcy@zievelaw.com

Attorneys for Secured Creditor, Deutsche Bank National Trust Company as Trustee for HSI Asset Loan Obligation Trust 2007-AR1, Mortgage Pass-Through Certificates, Series 2007-AR1

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

In re:

Paula Rae Oliver,

             Debtors.

Case No.: 2:15-bk-18116-VZ

Chapter: 11

**STIPULATION BY AND BETWEEN SECURED CREDITOR AND DEBTOR TO RESOLVE PLAN TREATMENT OF SECURED CREDITOR'S CLAIM**

**Disclosure Statement Hearing:**
Date:    February 18, 2016
Time:    1:30 p.m.
Place:   Courtroom 1368
       U.S. Bankruptcy Court
       255 E. Temple Street
       Los Angeles, CA 90012

**TO THE HONORABLE VINCENT P. ZURZOLO, UNITED STATES BANKRUPTCY JUDGE, DEBTOR, DEBTOR'S ATTORNEY, THE UNITED STATES TRUSTEE, AND PARTIES IN INTEREST:**

    Deutsche Bank National Trust Company as Trustee for HSI Asset Loan Obligation Trust

1

2007-AR1, Mortgage Pass-Through Certificates, Series 2007-AR1 ("Secured Creditor"), by and through its counsel of record, and Paula Rae Oliver ("Debtor"), by and through her counsel of record (collectively "Parties"), hereby agree and stipulate to resolve plan treatment of Secured Creditor's claim related to real property located at 1 Rockinghorse Road, Rancho Palos Verdes, CA 90275 as follows:

## RECITALS

1.    On or about May 12, 2006, Debtor, for valuable consideration, made, executed and delivered a Note secured by a Deed of Trust in the amount of $1,074,500.00 ("Note") on the property commonly known as 1 Rockinghorse Road, Rancho Palos Verdes, CA 90275 ("Real Property").

2.    On May 20, 2015, Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California, Los Angeles Division and was assigned Case No. 2:15-bk-18116-VZ.

3.    On July 10, 2015, Debtor filed a Motion to Value Real Property. On August 18, 2015, the Court entered an Order valuing Real Property at $845,000.00.

## THE PARTIES HEREBY STIPULATE AND AGREE AS FOLLOWS:

1.    Secured Creditor shall have a fully secured claim in the amount of $845,000.00 which will be repaid over 249 months beginning September 1, 2015 and continuing until June 1, 2036 on which date the full remaining balance owed will be due. The loan shall be amortized over thirty (30) years and repaid in equal monthly installments at 5.0% fixed interest rate. The monthly principal and interest payment shall be $4,536.14. The remaining balance of Secured Creditor's claim in the approximate amount of $855,482.00 shall be treated as an unsecured claim as set forth in the Plan. All other terms of the Note and Deed of Trust signed by the Debtor and currently held by Secured Creditor shall continue in full force and effect, and those documents shall only be modified with regard to the monthly payment amount and the interest rate.

2.    The Debtor shall maintain real property taxes and casualty insurance coverage in

2

place for the Real Property at all times, and if the first deed of trust obligation is non-escrowed, then Debtor shall provide proof of said insurance to Secured Creditor on a timely basis. Should Debtor default on the terms set forth in this stipulation, Secured Creditor may reinstate the escrow for this loan.

3.     The terms of this stipulation are expressly contingent upon the confirmation of a Chapter 11 Plan by the Debtor, and substantial consummation thereof. In the event this case is dismissed or converted to Chapter 7, Secured Creditor shall retain its lien in the full amount due under the Note and Deed of Trust without regard to the bifurcation of Secured Creditor's claim into secured and unsecured claims under this stipulation. It is the intent of Debtor and Secured Creditor that these terms govern the claim of Secured Creditor and the Debtor will incorporate these terms into any order confirming this or any subsequent plan. In the event of a discrepancy between this stipulation and the terms of any confirm plan, the provisions of this stipulation shall control.

4.     In the event Debtor fails or neglects to timely make a post-petition payment pursuant to the terms of this stipulation prior to confirmation of the Chapter 11 Plan, Secured Creditor (and/or its servicer) shall provide written notice, via certified mail, to the Debtor and to Debtor's attorneys of record, indicating the nature of the default. If the Debtor fails to cure the default or payment default with certified funds after the passage of thirty (30) calendar days from the date said written notice is placed in the mail as reflected on the certified receipt, Secured Creditor may file and serve a Declaration of Default along with an Order for Relief from the Automatic Stay to be lodged by Secured Creditor for entry by the Court, unless it has already been terminated by operation of law, and Secured Creditor (and/or its servicer) may proceed to foreclose its security interest in the Real Property under the terms of the Loan and applicable state law and thereafter commence any action necessary to obtain complete possession of the Real Property without further notice, order, or proceeding of this Court.

5.     The automatic stay of 11 USC §362(a) shall terminate as to Secured Creditor, its successors and assigns, upon the entry of an Order confirming a Chapter 11 plan in this case.

3

6.      The provisions of this stipulation shall be binding upon and inure to the benefit of Secured Creditor, the Debtor and reorganized Debtor, and the respective successors and assigns of each.

7.      The provisions of this stipulation shall be controlling and incorporated into any Chapter 11 Plan or Amended Chapter 11 filed by Debtor and Secured Creditor shall be paid through Debtors' Chapter 11 Plan pursuant to this stipulation.

8.      Secured Creditor will accept any plan that conforms to the above terms, and will execute and return a ballot to the Debtor's counsel in accordance therewith. In lieu of ballot this stipulation may be submitted as acceptance of the plan.

**WHEREFORE,** the Parties do respectfully request the Court enter an order approving this Stipulation.

**IT IS SO STIPULATED:**

Dated: August 20, 2015

LAW OFFICES OF LES ZIEVE

Leslie M. Klott
Attorney for Secured Creditor, Deutsche Bank National Trust Company as Trustee for HSI Asset Loan Obligation Trust 2007-AR1, Mortgage Pass-Through Certificates, Series 2007-AR1

Dated: August 26, 2015

LAW OFFICES OF ANTHONY O EGBASE AND ASSOCIATES

Kevin Tang,
Attorney for Debtor, Paula Rae Oliver

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
30 Corporate Park, Suite 450
Irvine, CA 92606

A true and correct copy of the foregoing document entitled (*specify*): **STIPULATION BY AND BETWEEN SECURED CREDITOR AND DEBTOR TO RESOLVE PLAN TREATMENT OF SECURED CREDITOR'S CLAIM** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **August 27, 2015**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

| | |
|---|---|
| Anthony Obehi Egbase, Attorney | info@anthonyegbaselaw.com |
| Dare Law, Attorney | dare.law@usdoj.gov |
| Kelly L Morrison, Attorney | kelly.l.morrison@usdoj.gov |
| United States Trustee (LA) | ustpregion16.la.ecf@usdoj.gov |

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **August 28, 2015**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| | |
|---|---|
| DEBTOR | PRESIDING JUDGE |
| Paula Rae Oliver | United States Bankruptcy Court |
| 4209 Scott Street | Chambers of Honorable Vincent P. Zurzolo |
| Torrance, CA 90503 | 255 E. Temple Street, Suite 1360 |
| | Los Angeles, CA 90012-3332 |

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| August 27, 2015 | Michele Dapello | /s/ Michele Dapello |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                              **F 9013-3.1.PROOF.SERVICE**

# <u>EXHIBIT 2</u>

1  JaVonne M. Phillips, Esq. SBN 187474
2  Kelly M. Raftery, Esq. SBN 249195
   **McCarthy & Holthus, LLP**
3  1770 Fourth Avenue
   San Diego, CA 92101
4  Phone (877) 369-6122
5  Fax (619) 685-4811

6  Attorneys for Secured Creditor, The Bank of New York Mellon fka The Bank of New York, as
   trustee, for the Certificateholders CWALT, INC., Alternative Loan Trust 2007-HY9 Mortgage
7  Pass-Through Certificates, Series 2007-HY9, its assignees and/or successors, by and through its
8  servicing agent Select Portfolio Servicing, Inc.

9

10                       UNITED STATES BANKRUPTCY COURT

11                        CENTRAL DISTRICT OF CALIFORNIA

12                            LOS ANGELES DIVISION

13

14  In re:                              ) Case No.  2:15-bk-18116-VZ
                                        )
15  Paula Rae Oliver,                   ) Chapter 11
                                        )
16           Debtor.                    )
                                        )
17                                      ) **STIPULATION ON PLAN TREATMENT**
                                        ) **ON FIRST LIEN SECURED BY REAL**
18                                      ) **PROPERTY LOCATED AT 4209 SCOTT**
                                        ) **STREET, TORRANCE, CA 90503**
19                                      )
20                                      )
                                        )
21                                      )
                                        )
22                                      )
                                        )
23                                      )
                                        )
24                                      )
                                        )
25                                      )
                                        )
26                                      )
                                        )
27                                      )
                                        )
28  _____    )

29

EXHIBIT 1

Secured Creditor, The Bank of New York Mellon fka The Bank of New York, as trustee, for the Certificateholders CWALT, INC., Alternative Loan Trust 2007-HY9 Mortgage Pass-Through Certificates, Series 2007-HY9, its assignees and/or successors, by and through its servicing agent Select Portfolio Servicing, Inc. ("Secured Creditor") and Debtor, Paula Rae Oliver, ("Debtor") by and through their attorneys of record, now enter into the below stipulation to resolve and agree to plan treatment of the real property commonly known as 4209 Scott Street Torrance, CA 90503.

## RECITALS

A. On or about July 16, 2007, non-debtors William B Oliver and Patsy R Oliver, for valuable consideration, made, executed and delivered a Note secured by a First Deed of Trust both in the amount of $551,250.00 on the property commonly known as 4209 Scott Street, Torrance, CA 90503 ("Subject Property").

B. On May 5, 2015, Debtor Paula Rae Oliver, debtor and non-obligor, filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court, Central District of California.

C. As of the date of filing of said bankruptcy case, the total amount of Secured Creditor's claim with regard to the Subject Property was $720,245.62, as documented in claim 5 filed with this Court on July 31, 2015.

D. The parties have conferred and agreed upon treatment of Secured Creditor's first lien secured by the Subject Property for purposes of Debtor's Chapter 11 Plan and those terms are reflected below.

///
///
///
///
///
///
///

2

# EXHIBIT 1

**THE PARTIES HERETO STIPULATE AND AGREE AS FOLLOWS:**

1. Secured Creditor holds a fully secured first lien on the Subject Property which totals approximately $730,117.81. Debtor's pre-confirmation payments to Secured Creditor beginning on January 1, 2016 will be based on approximate total debt of $730,117.81, and permanent adjustments to loan will be completed post-confirmation based on the total debt at the time the permanent adjustments are made. Debtor will make the payments as stated in this stipulation until the permanent loan adjustments are completed and Secured Creditor mails out a post-confirmation mortgage statement reflecting the Chapter 11 plan adjustments and new monthly payment. Debtor agrees to pay the amounts reflected in those post confirmation monthly statements.

2. Debtor agrees to assume the debt post confirmation and timely comply in full with the assumption application process.

3. The maturity date of the loan will be July 1, 2047, and all amounts still outstanding and owing as of July 1, 2047, will be due in full on that date.

4. The total debt of approximately $730,117.81 will be paid at a 4.5% fixed interest rate with payments calculated on a 379 month amortization schedule with all outstanding amounts due upon the maturity date of July 1, 2047.

5. The pre-confirmation principal and interest payment under these agreed terms is approximately $3,612.34 per month, and is subject to fluctuation after permanent loan adjustments are made post confirmation.

6. Debtor will be directly responsible outside of escrow for maintaining taxes and insurance on the Subject Property, as required under the Deed of Trust and Note, and showing Select Portfolio Servicing, Inc. as loss payee. Debtor will provide proof of current insurance to Secured Creditor within 30 days of request by Secured Creditor. If Debtor fails to maintain taxes and/or insurance on the Subject Property, Secured Creditor can obtain insurance for the property as described in the Deed of Trust and Note.

///
///
///

3

Stipulation on Plan Treatment, Case No. 2:15-bk-18116-VZ
File No. CA-15-114869

# EXHIBIT 1

7. All escrow advances will remain due and owing on the loan and will be include as part of the new total debt, or post-confirmation principal balance, including any advances that occur after the parties enter into this stipulation, but prior to plan confirmation.

8. The first payment under this agreement is due February 1, 2016 in the amount of $3,612.34. Debtor agrees to make the payment of $3,612.34 until Secured Creditor sends a post-confirmation mortgage statement after the loan is permanently adjusted with the new monthly mortgage payment.

9. Payments shall be made directly to Secured Creditor at Select Portfolio Servicing, Inc. P.O. Box 65450, Salt Lake City, UT 84165-0450, with reference to the last four digits of the Loan Number 2175, or as otherwise directed.

10. All other terms of the Deed of Trust and Note not directly altered by this agreement will remain in full force and effect.

11. Secured Creditor has relief from the automatic stay as to the Subject Property upon confirmation of Debtor's Chapter 11 Plan.

12. In the event of a default on payments to Secured Creditor under the terms of this stipulation prior to the entry of the confirmation order, Secured Creditor shall notify Debtor and Debtor's counsel of the default in writing. Debtor shall have ten (10) calendar days from the date of the written notification to cure the default, and Debtor agrees to pay an additional $100.00 for attorneys' fees for each occurrence. If Debtor fails to cure the default, Secured Creditor may lodge a declaration of default and order terminating the automatic stay and include that the 14-day stay as provided in FRBP 4001(a)(3) is waived. Upon entry of the order the automatic stay shall be terminated and extinguished for purposes of allowing Secured Creditor to notice, proceed with, and hold a trustee's sale of the subject property, pursuant to applicable state law and without further Court Order or proceeding being necessary, including any action necessary to obtain complete possession of the Subject Property, including unlawful detainer.

///
///
///

Stipulation on Plan Treatment, Case No. 2:15-bk-18116-VZ
File No. CA-15-114869

# EXHIBIT 1

13. In the event of a default on payments to Secured Creditor under the terms of this stipulation after the entry of the confirmation order, Secured Creditor shall may proceed pursuant to the terms of the underlying Note and Deed of Trust, and state and federal law, to obtain complete possession of the Subject Property, including unlawful detainer, without further Court Order or proceeding being necessary.  Any and all default provisions included in Debtor's Chapter 11 Plan are not applicable to Secured Creditor with regard to the Subject Property, and Secured Creditor is only bound by the terms included in this stipulation.

14. Debtor agrees to incorporate the above agreed terms of lien treatment into any and all existing and future proposed Chapter 11 Plans and, if any terms in Debtor's Chapter 11 Plan conflict with the terms of this stipulation the terms of this stipulation will control.  In the event that Debtor's Chapter 11 Plan does not reflect the language of this stipulation it will be incorporated into the confirmation order through exact language, attachment of a copy of the stipulation, or by reference of the filed stipulation.

15. Secured Creditor agrees to vote for Debtor's Chapter 11 Plan provided it reflects the agreed plan treatment contained in this stipulation, or the terms of the stipulation are incorporated into the confirmation order through exact language, attachment of a copy of the stipulation, or by reference of the filed stipulation.

///
///
///
///
///
///
///
///
///
///
///

5

Stipulation on Plan Treatment, Case No. 2:15-bk-18116-VZ
File No. CA-15-114869

EXHIBIT 1

16. If this Chapter 11 bankruptcy is dismissed or converted to another chapter under title 11, Secured Creditor's lien shall remain a valid secured lien for the full amount due under the original Promissory Note and all payments received under this agreement will be applied contractually under the original terms of the Deed of Trust and original Promissory Note.

17. This stipulation resolves Secured Creditor's Motion for Relief from the Automatic Stay filed on November 19, 2015 as docket number 74, and set for continued hearing on January 5, 2016.

IT IS SO STIPULATED:

Dated: _12/31/15_

_____
Kevin Tang, Esq.
Law Offices of Anthony O Egbase &
Associates
Attorney for Debtor, Paula Rae Oliver

Dated: __12/31/2015__

___/s/ Kelly M. Raftery___
Kelly M. Raftery, Esq.
McCarthy & Holthus, LLP
Attorneys for Secured Creditor, The Bank of
New York Mellon fka The Bank of New
York, as trustee, for the Certificateholders
CWALT, INC., Alternative Loan Trust
2007-HY9 Mortgage Pass-Through
Certificates, Series 2007-HY9, its assignees
and/or successors, by and through its
servicing agent Select Portfolio Servicing,
Inc.

6

EXHIBIT 1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.   My business address is:
**The World Trade Center
350 S. Figueroa Street, Suite 189
Los Angeles, CA 90071**

A true and correct copy of the foregoing document entitled (*specify*):   **FIRST AMENDED CHAPTER 11 PLAN AS MODIFIED
PURSUANT TO 11U.S.C. 1127(A);FED.R.BANKR.P. 3019**    will be served or was served **(a)** on the judge in chambers in the form
and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR,
the foregoing document will be served by the court via NEF and hyperlink to the document. On **1/25/16** , I checked the CM/ECF docket
for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to
receive NEF transmission at the email addresses stated below:

**Debtor's Attorney:** Anthony Egbase on behalf of Debtor: info@anthonyegbaselaw.com
**Attorney for US Trustee: K**elly L Morrison on behalf of U.S. Trustee United States Trustee (LA)kelly.l.morrison@usdoj.gov
**US Trustee:** United States Trustee (LA): ustpregion16.la.ecf@usdoj.gov
**Creditor's Attorney:** Leslie M Klott on behalf of Creditor Deutsche Bank National Trust Company as Trustee for HSI Asset Loan
Obligation Trust 2007-AR1, Mortgage Pass-Through Certificates, Series 2007-AR1 bankruptcy@zievelaw.com
**Creditor's Attorney:** Leslie M Klott on behalf of Creditor Ocwen Loan Servicing, LLC bankruptcy@zievelaw.com
**Creditor's Attorney:** Kelly M Raftery on behalf of Creditor The Bank of New York Mellon, f/k/a The Bank of New York, as trustee, on
behalf of the holders of the Alternative Loan Trust 2007-HY9, Mortgage Pass-Through Certificates Series 2007-HY9, its assignees
bknotice@mccarthyholthus.com, kraftery@ecf.courtdrive.com
**Creditor's Attorney:** Gilbert B Weisman, ll on behalf of Creditor Main Street Acquisition Corp notices@becket-lee.com

☐    Service information continued on attached page

**2.    SERVED BY UNITED STATES MAIL**:
On **1/25/16** , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary
proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and
addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours
after the document is filed.

**Debtor, Secured Creditors, Unsecured Creditors, and all other interested parties.**

☒    Service information continued on attached page

**3.    SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each
person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **1/25/16**      , I served the following persons and/or entities
by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission
and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be
completed no later than 24 hours after the document is filed.

**Judge's copy -
Hon. Vincent Zurzolo - 255 E. Temple Street, Suite 1360, Los Angeles, CA 90012**

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 1/25/16 | Sandy Segovia | /s/ Sandy Segovia |
|---------|---------------|-------------------|
| *Date* | *Printed Name* | *Signature* |

This form is optional.    It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                *Page 10*                                **F 2081-1.PLAN**

**Debtor:**
Paula Rae Oliver
4209 Scott Street
Torrance, CA 90503

**Debtor's Attorney:**
Anthony O. Egbase
A.O.E  Law & Associates
350 S. Figueroa Street, Suite 189
Los Angeles, CA 90071

**Attorney for U.S Trustee:**
United States Trustee (LA)
725 S Figueroa St., 26th Floor
Los Angeles, CA 90017

**Secured Creditors:**
Bosco Credit II Trust Series
c/o Franklin Credit Management Corp.
Attn: Corporate Officer
P.O Box 5147
Carol Stream, IL 60197-5147

Deutsche Bank National Trust Company
c/o Ocwen Loan Servicing
Attn: Corporate Officer
P.O Box 245605
West Palm Beach, FL 33416

Ocwen Loan Serving, LLC
Agent for Service of Process:
Corporation Service Company which will do
business  in California as CSC Service
2710 Gateway Oaks Drive, Suite 100
Sacramento, CA 95833

The Bank of New York Mellon
c/o Select Portfolio Servicing
3815 South West Temple
Salt Lake City, UT 84115-4412

Select Portfolio Servicing, Inc.
Agent for Service of Process:
Corporation Service Company which will do
business  in California as CSC Service
2710 Gateway Oaks Drive, Suite 100
Sacramento, CA 95833

Los Angeles County Tax Collector
PO Box 54110
Los Angeles, CA 90054-0110

2955 Main Street
Irvine, CA 92614

**Twenty Largest Unsecured Creditors
(Note this category also contains all general
unsecured creditors)**
Citibank, N.A
701 East 60th Street North
Sioux Falls, SD 57117

HSBC Card Services
C/O Becket and Lee LLP
P.O Box 3001
Malvern, PA 19355

Merrick Bank
Resurgent Capital Services
P.O Box 10368
Greenville, SC 29603

Resurgent Capital Services
P.O Box 19008
Greenville, SC 29602

Capital One Bank USA, NA
PO Box 71083
Charlotte, NC 28272-1083

**Interested Parties:**
**Leassees:**
Eriko Navratil
1 Rockinghorse Road
Rancho Palos Verdes, CA 90275

Eufemio M. DeCeita
1 Rockinghorse Rd
Rancho Palos Verdes, CA 90275

**Governmental Entities:**
Franchise Tax Board
PO Box 2952
Sacramento, CA 95812

Internal Revenue Service
300 North Los Angeles Street
M/S 5022
Los Angeles, CA 90012-3351