Anthony O. Egbase, Esq. (SBN 181721)
Victoria T. Kajo Esq. (SBN: 265037)
Kevin Tang, Esq.(SBN 291051)
A.O.E LAW & ASSOCIATES | A Professional Law Corporation
350 S. Figueroa Street, Suite 189
Los Angeles, CA 90071
Tel:  (213) 620 -7070; eFax: (213) 620 -1200
*info@aoelaw.com*

Attorney for Debtor and Debtor-in-possession

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA- LOS ANGELES DIVISION

| | |
|---|---|
| **In Re:** | Chapter 11 |
| | **Case No.:  2:15-bk-18116-VZ** |
| **Paula Rae Oliver,** | **DEBTOR IN POSSESSION'S MOTION TO CONFIRM CHAPTER 11 PLAN OF REORGANIZATION;** |
| **Debtor and Debtor-in-Possession** | **DECLARATION OF PAULA RAE OLIVER IN SUPPORT THEREOF** |
| | <u>**CONFIRMATION HEARING**</u> |
| | DATE:  April 28, 2016 |
| | TIME: 1:30 p.m. |
| | COURTROOM: 1368 |
| | PLACE: 255 E. Temple St., Los Angeles, CA 90012 |

**TO THE HONORABLE VINCENT ZURZOLO, JUDGE OF THE UNITED STATES BANKRUPTCY COURT, OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:**

Paula Rae Oliver (the "Debtor") hereby submits her Motion to Confirm Chapter 11 Plan pursuant to Bankruptcy Code section 1129 in order to meet the requirements for confirmation of the

Debtor's First Amended Plan of Reorganization dated January 5, 2016 (the "Plan"). Also included, where appropriate, is discussion of relevant legal authority.

## I. INTRODUCTION

On January 5, 2016, Debtor filed her First Amended Disclosure Statement, which was subsequently, modified on January 25, 2016 ("Disclosure Statement"). This Court approved debtor's Disclosure Statement on February 29, 2016, see Court Docket no. 116.

**DESCRIPTION OF THE DEBTOR AND HER ASSETS/EVENTS LEADING TO BANKRUPTCY**

Paula Oliver is an individual, resident of the state of California, County of Los Angeles. Ms. Oliver is employed as a real estate broker with Dream Home 4 U, Inc. Ms. Oliver is the only shareholder of the corporation. The corporation is engaged in the business of sale of real properties. The major assets of the debtor are two real properties.

The event leading to bankruptcy was due to the economic downturn in 2008 and the near collapse of the real estate industry. Ms. Oliver (real estate professional) experienced major decrease in her income. In addition to these financial problems, Ms. Oliver's mother passed away in 2010 and Ms. Oliver was left to take care of her 82 year old father.

On or about 2011, Ms. Oliver had little choice but to file a Chapter 13 bankruptcy. However, the case was dismissed since Ms. Oliver represented herself and was unsophisticated in bankruptcy matters. Ms. Oliver again filed a Chapter 13 bankruptcy in 2012, but because Ms. Oliver's debt is over the debt limit for chapter 13. On November 4, 2013, Ms. Oliver's applied to the court to convert her Chapter 13 case to a Chapter 11. The case was converted to a Chapter 11. Ms. Oliver failed to comply with the US Trustee's Chapter 11 guidelines for debtor and debtor-in-possession. Her case

Main Document    Page 3 of 18

was dismissed on December 11, 2014. Ms. Oliver re-file her the instant Chapter 11 bankruptcy on May 20, 2015 in order to reorganize her debt.

Ms. Oliver's principal assets are her personal residence: (1) 4209 Scott Street, Torrance, Torrance, CA 90503 ("Scott Street Property") and (2) 1 Rockinghorse Road, Rancho Palos Verdes, CA 90275 ("Rockinghorse Road Property").

The value of the Rockinghorse Road Property is less than the total amount owed to her first lienholder, Deutsche Bank National Trust Company while the second lienholder, Bosco Credit II Trust Series is treated as unsecured.

The value of the Scott Street Property is approximately equal to the total amount owed to first lienholder, Select Portfolio Servicing while a second lienholder, Estate of Rajesh Vashdev is treated as unsecured.

Through her plan of reorganization, she is proposing to recapitalize the lien of Select Portfolio Servicing and reduce the balance owed to Deutsche Bank National Trust Company from $1.7 million to $845,000.

Class 2(c) is impaired and consists of Select Portfolio Servicing, which has a claim of $730,118 secured by the Scott Street property. Class 2(c) voted to accept Debtor's Plan. See Ballot Summary on Dkt No. 125.

Class 5(d) is impaired and consists of Deutsche Bank National Trust Company, which has a claim of $845,000 secured by the Rockinghorse Road Property. Class 5(d) voted to accept Debtor's Plan. See Ballot Summary on Dkt No. 125.

Class 6(b) is impaired and consists of unsecured creditors, including the deficiency portion of the Deutsche Bank National Trust Company, the only creditor who voted to accept the plan and no other creditors voted for or against the plan. Thus, Class 6(b) accepted the plan. See Ballot Summary on Dkt. No. 125.

## II.    JURISDICTION

Pursuant to 28 U.S.C. § 1334 of the Bankruptcy Amendments and Federal Judgeship Act of 1984, jurisdiction of the above-captioned chapter 11 case is vested in the United States District Court for the Central District. The United States District Court has referred, pursuant to 28 U.S.C. § 157(a), all cases under title 11 and any and all proceedings arising under title 11 or arising in or related to a case under title 11 to the bankruptcy judges of the district. This case having been so appropriately referred to the bankruptcy court grants the above-entitled court jurisdiction to make and enter an appropriate and final order of confirmation of the Plan pursuant to 28 U.S.C. § l57(b)(l) and (b)(2)(L).

## III.    BASIC STRUCTURE OF THE PLAN

The Plan provides that on the Effective Date, or as soon as possible thereafter, the Debtor will make periodic distributions to pay creditors and pay unsecured claimants a percentage of their claims.

## IV.    CONFIRMATION CRITERIA

Section 1129(a) of the Bankruptcy Code sets forth, in sixteen enumerated paragraphs, the requirements that must be complied with before a plan of reorganization will be confirmed. 11 U.S.C. §1129(a). This memorandum demonstrates conclusively below that each of the requirements in U.S.C. §1129(a) have been complied with.

The debtor submits that the following points and authorities establish a basis for the confirmation of the plan by the Court.

    **a.  Section 1129(a)(l): Compliance with Applicable Provisions of Chapter 11**

Section 1129(a) requires the Plan to comply with the applicable provisions of Chapter 11. In general, the Plan must comply with Sections 1122 and 1123 of the Code.

### b. Debtors' Classification Scheme Complies with Section 1122.

Section 1122(a) requires the Plan to place a claim or interest in a particular class only if such claim or interest is substantially similar in nature to the other claims or interests of such class. The Plan designates the following classes:

Unclassified Claims : Administrative Expenses as defined in the Bankruptcy Code for which application for or allowance or a claim is filed prior to the Effective Date, as the same are allowed, approved, and ordered paid by the Court.

Class 2(c): Impaired claim.  This claim is held by Select Portfolio Servicing secured by the Scott Street Property.

Class 5(b): Impaired claim.  This claim is held by Internal Revenue Service secured by the Personal Property on Schedule B.

Class 5(c): Impaired claim.  This claim is held by Franchise Tax Board secured by Personal Property on Schedule B.

Class 5(d): Impaired claim. This claim is held by Deutsche Bank National Trust Company, secured by the Rockinghorse Road Property.

Class 5(e): Impaired claim.  This claim is held by Santander Consumer USA secured by 2012 BMW 3 Series.

Class 5(f): Impaired claim.  This claim is held by Los Angeles County Tax Collector secured by Rockinghorse Road Property.

Class 6(b): General Unsecured Claims

These classes have been structured to take into account the special provisions of each.

### c. The Plan contains the provisions required by 11 U.S.C. §1123(a)

11 U.S.C. § 1123(a)(1) requires that the Plan must designate, subject to Bankruptcy Code section 1122, classes of claims, other than claims of kind specified  in sections 507(a)(l), 507(a)(2),

and 507(a)(7). The Plan designates classes of claims and interests in accordance with this requirement.

11 U.S.C. § Section 1123(a)(2) requires that Plan specify any class of claims or interests that is not impaired under the Plan. Here, there are no claims that are not impaired under the Plan and the treatment thereof, thereby Section 1123(a)(2) is inapplicable.

11 U.S.C. § 1123(a)(3) requires that the Plan specify the treatment of any class of claims or interests under the Plan. The Plan specifies the treatment of the class, and indicates whether the claim is impaired or not impaired.  Classes 5(b), 5(c), 5(d), 5(e), 5(f) and 6(b) are impaired.

11 U.S.C. § 1123(a)(4) requires that the Plan provide  the same treatment for each claim or interest of a particular class, unless the holder of a particular claim or interest agrees to a different treatment. The Plan specifies identical treatment of all claims and interests in a class unless a holder agrees to a different or less favorable treatment.

11 U.S.C. § 1123(a)(5) requires that the Plan provide adequate means for the  Plan's implementation. The cash flow of the debtor is sufficient to fund the plan. The Disclosure Statement indicates that the monies will be applied to pay administrative and priority claimants, and that the balance will be used to fund the ongoing operation of the Debtor. The Debtor will have sufficient cash on hand to make payments required on confirmation.

11 U.S.C. § 1123(a)(6) requires that a  Plan provide for the inclusion in the charter of the debtor, if the debtor is a corporation, of a provision prohibiting the issuance of non-voting equity securities. This is not a corporate bankruptcy and as a result, this requirement is not applicable.

11 U.S.C. § 1123(a)(7) is not applicable in this case insofar as this case does not involve a corporate debtor and the Plan does not implicate any issues with regard to the selection of any officer, director, or  trustee.

11 U.S.C. § 1123(a)(8) specifies that individual debtor must use future income to fund the plan. The Debtor herein, is using future income to fund the plan and this requirement is therefore fulfilled.

**d. Subsection (b) of Section 1123 specifies permissive provisions that may be included under the Plan.**

11 U.S.C. § 1123(b)(1) provides that the Plan may impair or leave unimpaired any class of claims or interests. The debtor's plan has impaired claims.

11 U.S.C. § 1123(b)(2) specifies that, subject to Section 365 of the Bankruptcy Code, the plan may provide for the assumption or rejection of any executory contract or unexpired lease not previously rejected. The Disclosure Statement indicates debtor will assume her rental contracts with her tenants on her real property.

11 U.S.C. § 1123(b)(3) specifies that the Plan may provide for the settlement or adjustment of any claim or interest belonging to the debtor or the estate for the retention and enforcement by the Debtor, by the Trustee, or by a representative of the estate appointed for such purpose of such claim or interest.

The plan provides that the debtor shall retain a right to object to any claim. The Debtor believes that the balances of the claims are dealt with under the plan.

11 U.S.C. § 1123(b)(4) permits the Plan to provide for the sale of all or part of the property of the estate. The Plan does not propose any sale.

11 U.S.C. § 1123(b)(5) provides that the Plan may include any other appropriate provisions not inconsistent with the applicable provisions of the Code. The Plan discussed the effect of confirmation, amendments or modification, retention of jurisdiction. These provisions are consistent with the Bankruptcy Code.

Based on the foregoing analysis, it is respectfully submitted that the Plan complies with the applicable provisions of Section 1129(a)(1).

**e. Section 1129(a)(2) The Plan proponent has complied with the applicable provisions of the Bankruptcy Code**

1. Section 1129(a)(2)- The debtor has filed debtor's schedules, appeared at hearings, filed a disclosure statement and plan of reorganization; thereby she has satisfied the requirements of the code.

2. Section 1129(a)(3); The plan has been Proposed in Good Faith and Not by Any Means Forbidden by Law

The term "good faith" is not specifically defined in the Code. However "good faith" is assessed by the totality of circumstances, and requires an exercise of fundamental fairness in dealing with creditors, and requires that a plan achieve a result consistent with the objectives and purposes of the Bankruptcy Code. In re Jorgensen, 66 B.R. 104, 109 (Bankr. 9th.Cir. 1986). The proposal of the Plan is consistent with the objectives and purposes of the Bankruptcy Code and was made with honesty and good intentions and with a basis for expecting that, under the circumstances, it was the best means for maximizing any recovery by creditors of the Debtor.

3. **Disclosure of Payments  (11 U.S.C. § 1129(a)(4)).**

Bankruptcy Code section 1129(a)(4) requires that any payment made or to be made by the proponent, the debtor, or by a person issuing securities, or acquiring property under the Plan, for services or for costs and expenses in connection with the case, or in connection with the Plan and incident to the case, has been approved by, or is subject to the approval of the court, as reasonable. 11 U.S.C. § 1129(a)(4); see In re Texaco Inc.,84 B.R. at 907-908; In re Future Energy Corp., 83 B.R. at 487-488; 7 Collier on Bankruptcy, C)[ 1129.03[4] (Matthew Bender 15th ed. rev.). Unclassified Claims of the Plan provides that "Professionals employed at the expense of the Estate, and any

entities which may be entitled to an allowance of fees and expenses from the Estate pursuant to §503(b)(2) through (6) of the Code, shall receive cash in the amount awarded to such professionals and entities as soon as practicable after an order is entered by the Court approving such award pursuant to Sections 330 or 503(b)(2) through (6) of the Code ...." Said procedure for review and ultimate determination by the court of the professional fees and expenses to be paid by the Debtor satisfies the requirement of section 1129(a)(4). See In re Sound Radio, Inc., 93 B.R. at 854; In re Texaco Inc., 84 B.R. at 908; In re Future Energy Corp., 83B.R. at 488. "Court approval of payments for services and expenses is governed by various Code provisions-e.g.,§§ 328, 329, 330, 331 and 503(b) -and need not be explicitly provided for in a Chapter 11 Plan." In re Future Energy Corp., 83 B.R. at 488. In this case, the debtor disclosed pre-petition retainer paid to the professionals and such retainer was approved by the Court. See Docket no.39.The Court also approved an interim fee application in the amount of $27,215.18. See Docket no. 115. The estimated balance of the administrative fees is disclosed in the disclosure statement and will be paid pursuant to application for fees and approval of this Court. Thus, the Plan complies with section 1129(a)(4).

**4. Regulatory Approval re Rate Changes (11 U.S.C.§ 1129(a)(6)).**

The provisions of Section 1129(a)(6) are not applicable in this case.

**5. Best Interest of Creditors Test (11 U.S.C. § 1129(a)(7)).**

Bankruptcy Code section 1129(a)(7) sets forth the "best interest of creditors" test. 11 U.S.C. § 1129(a)(7); see Kane v. Johns-Manville Corp., 843 F.2d at 649; In re Texaco Inc., 84 B.R. at 908-909; In re Victory Construction Co., Inc., 42 B.R. at 151; In re Toy & Sports Warehouse, Inc., 37 B.R. at 150. Subsection 1129(a)(7) provides that with respect to each impaired class of claims or interests, each holder of a claim or interest of such class has accepted the Plan, or will receive or retain under the Plan property of a value as of the Effective Date not less than the

Case 2:15-bk-18116-VZ    Doc 127    Filed 04/07/16    Entered 04/07/16 08:38:51    Desc
Main Document    Page 10 of 18

amount that such holder would receive or retain if the Debtor was liquidated under chapter 7 on such date.

In this case, classes 2(c), 5(d) and 6(b) have accepted the Plan. See Ballot Summary. Conversion of this chapter 11 case to a chapter 7 liquidation case would result in additional delay and expense and would reopen the bar date for filing claims. Accordingly, under the Plan, any recovery by creditors will exceed that which would occur in a chapter 7 liquidation. The Plan provides for a payment of 0.8% of all unsecured creditors' over the next 60 months after confirmation of the plan. The Plan complies with 11 U.S.C. § 1129(a)(7).

**6. Acceptance of Plan (11 U.S.C. § 1129(a)(8)).**

Section 1129(a)(8) requires that each class of claims or interests either accepts the Plan or is not impaired under the Plan. 11 U.S.C. § 1129(a)(8); see In re Texaco Inc., 84 B.R. at 909. The requirement of section 1129(a)(8) is the only condition precedent included in section 1129(a) which is not only absolutely necessary for confirmation. "If a Plan satisfies the confirmation criteria set forth in section 1129(a), including the requirement that if a class of claims is impaired, at least one impaired class of claims accepts the 11 U.S.C. § 1129(a)(10), the Plan may be confirmed notwithstanding the opposition of one or more impaired classes of claims or interests, provided the Plan satisfies section 1129(b)."7 Collier on Bankruptcy, ¶ 1129.03[8] 44 (Matthew Bender 15th ed. rev.).

As discussed above, whether a class has accepted the Plan is determined by reference to section 1126. 11 U.S.C. §1126. Under section 1126(f) any class which is not impaired under the Plan is conclusively presumed to have accepted the Plan. 11 U.S.C. § 1126(f); See In re Victory Const. Co., Inc., 42 B.R. 145, 152 (Bankr. C.D. Cal. 1984). Because the Plan does not impair Administrative Claims and Priority Claims, each of those classes are deemed to have accepted the

Plan. See 11 U.S.C. § 1126(f). Classes 2(c) and 5(d) are impaired under the Plan. Accordingly, the holder of allowed claims in these classes was entitled to vote on the Plan.

The impaired Class 2(c) and Class 5(d) have voted to accept the Plan.

In class 6(b), one member of this class voted to accept the Plan. See ballot summary.

If all the other requirements for confirmation are met, except acceptances as provided in section 1129(a)(8), the court shall confirm the plan if the plan does not discriminate unfairly and is fair and equitable with respect to each class of claims and interests that is impaired under and has not accepted the plan. 11 U.S.C. § 1129(b).

With respect to an unsecured class, "fair and equitable" means that each claimant receives or retains property of value equal to allowed claim, or the holder of a junior claim neither receives nor retains property on account of such claim. 11 U.S.C. §1129(b)(2)(B). Here, because one claimant of Class 6(b) accepted the plan and no other claimant in Class 6(b) voted, Class 6(b) has accepted the plan.

Section 1129(b)(1), a plan can be confirmed despite the non-acceptance of Class 6(b) claims where the Plan does not discriminate unfairly and is fair and equitable with respect to the rejecting Class. Since Class 6(b) claims are treated equally, Debtor proposes an equal payout of 0.8% on each of the claims, and the Plan may still be confirmed under this Section. Since Class 6(b) has accepted the plan, this provision is inapplicable.

**7. Administrative and Priority Claims (11 U.S.C. § 1129(A)(9)).**

The plan can only be confirmed if administrative claimants are paid in full on the effective date unless otherwise agreed. 11 U.S.C. §1129(a)(9)(A). The plan may make deferred cash payments to accepting holders of non-priority tax claims, while rejecting holders of such claims must be paid the amount of their allowed claim on the effective date. *Id.* At §1129(a)(9)(B)(i)-(ii). However, the plan may make deferred cash payments to holders of allowed priority tax claims so long as the

claimants will receive an amount equal to the allowed amount of the claim as of the effective date, over a period of not more than five years from the petition date. *Id*. at §1129(a)(9)(C). The Plan satisfies this requirement. Debtor will pay attorney fees upon approval of a fee application.

### 8. Minimum Acceptance (11 U.S.C. § 1129(a)(10)).

Bankruptcy Code section 1129(a)(10) requires as a condition of confirmation that if a class of claims is impaired under the Plan, at least one class of claims that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by any insider. 11 U.S.C. § H29(a)(l0); see In re Texaco Inc.• 84 B.R. at 910. As discussed above, section 1126 provides the requirements for determining acceptance. Section 1129(a)(10) requires affirmative acceptance of a Plan by at least one impaired class of claims, unless all classes of claims are left unimpaired. 5 Collier on Bankruptcy, 11129.02[10] (15th ed. rev.), citing In re Russell, 12 B.R. Ct. Dec. (CCR) 571. As shown above in Section 1129(a)(8) the Plan satisfies this requirement.

### 9. Feasibility (11 U.S.C. § 1129(a)(11)).

Bankruptcy Code section 1129(a)(11) requires as a condition of confirmation that the court find that confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the Plan, unless such liquidation or reorganization is proposed in the Plan. 11 U.S.C. § 1129(a)(ll); see Kane v. Johns-Manville Corp.• 843 F.2d at 649; In re Sound Radio, Inc., 93 B.R. at 855-56; In re Texaco Inc.• 84 B.R. at 910. The feasibility standard is whether the Plan offers a reasonable assurance of success. Success need not be guaranteed. Kane v. Johns-Manville Corp.843 F.2d at 649; Prudential insurance Co. v. Monnier (In re Monnier Brothers), 155 F.2d 1336, 1341 (8th Cir. 1985); In re American Solar King Corp., 90 B.R. at 892-893; In re Prudential Energy Company. 58 B.R. 857, 862 (Ban. S.D.N.Y. 1986).

Guaranteed success in the stiff winds of commerce without the protection of the Code is not the standard under section 1129(a)(1). Most debtors emerge from reorganization with a significant handicap. But a plan based on impractical or visionary expectations cannot be confirmed. In re Prudential Energy Company, supra, at 862, citing In re Clarkson, 767 F.2d 417, 420 (8th Cir. 1985); see In re American Solar King Corp., 90 B.R. at 833.

The Plan is feasible because it has reduced the amount owed to secured lenders significantly thereby reducing the monthly payments to the secured claims. The Debtor will be able to pay the amounts due to the secured and unsecured creditors under the Plan as set forth in the projections attached to the Disclosure Statement. The payments will be funded in part by rents and debtor's regular income.  Finally, the Plan is both feasible and not likely to be followed by the need for further reorganization or liquidation.

A review of debtor's past Monthly operating reports and the projected income and expenses suggest that the proposed plan is feasible. Thus, the Plan is based on reality and it is not a mere visionary scheme. For these reasons, the Plan satisfies the feasibility requirement of Section 1129(a)(11).

**10. Payment Of Fees (11 U.S.C. § 1129(A)(12)).**

Bankruptcy Code section 1129(a)(12) mandates the payment of all fees required under 28 U.S.C. § 1930, including filing fees and United States Trustee Quarterly Fees. The Debtor believes that all such fees have been paid on a current basis and that no obligations in this regard will exist on the Effective Date of the Plan. In the event that any such fees are owing on the Effective Date, they would be nominal in the context of the Plan and they will be paid. Thus, the requirement of section 1129(a)(12) is satisfied.

**11. Continuance Of Retiree Benefits 11 U.S.C. § 1129(A)(13))**

The Debtor is not obligated for any retiree benefits as that term is defined in section 1114, and therefore section 1129(a)(l3) does not apply.

### 12. Domestic Support Obligations Section 1129(a)(14)

Section 1129(a)(14) provides that if a debtor is required by a judicial or administrative order, or by statute, to pay a domestic support obligation, the debtor has paid all amounts payable under such order or such statute for such obligation that first became payable after the date of the filing of the petition. §1129(a)(14), The Debtor does not have Domestic Support Obligations.

### 13. Debtor's Prospective Income 11 U.S.C. § 1129(A)(15))

Where the debtors are individuals and a holder of an unsecured claim objects to confirmation, Section 1129(a)(15) requires that "the value, as of the effective date of the Plan, of the property to be distributed under the Plan on account of such claim is not less than the amount of such claim," or "the value of the property to be distributed under the Plan or not less than the projected disposable income of the debtors (as defined in Section 1325(b)(2)) to be received during the 5-year period beginning on the date that the first payment is due under the Plan, or during the period for which the Plan provides payments, whichever is longer." 11 U.S.C §1129(a)(15). Here, this Section does not apply because unsecured claimants have not objected to confirmation. The Court should confirm the Plan Pursuant to Section 1129(B).

Because all requirements for confirmation are met and all objections to the plan have been resolved, the plan may be confirmed.

## V.
## CONCLUSION

The Debtor will demonstrate at the confirmation hearing that the Plan satisfies each of the requirements contained in section 1129. Because all requirements for confirmation are met, the Debtor is entitled to an order of the court confirming their Plan.

Dated: April 7, 2016				Respectfully Submitted,

  /s/ Kevin Tang
Kevin Tang
Counsel for Debtor and Debtor-in-possession

## DECLARATION OF PAULA RAE OLIVER

I, Paula Rae Oliver, do hereby declare that all of the following is true and correct to the best of my personal knowledge and if called upon as a witness, I could and would competently testify to the truthfulness of all of the below statements:

1. I am the debtor in the instant bankruptcy proceeding, Case No. 2:15-bk-18116-VZ.

2. I make this declaration in support of my Motion to Confirm Chapter 11 Plan of Reorganization.

3. The principal assets of my bankruptcy estate are two parcels of real property: (1) 4209 Scott Street, Torrance, Torrance, CA 90503 ("Scott Street Property") and (2) 1 Rockinghorse Road, Rancho Palos Verdes, CA 90275 ("Rockinghorse Road Property").

4. I am self-employed as a real estate broker for Dream Home 4 U Inc.

5. Commencing on the effective date of the plan I will make payments to my secured creditors and plan payments to general unsecured creditors under the Plan.

6. The Plan has been proposed in good faith and is consistent with the objectives of the Bankruptcy Code. I have drastically cut my personal and operating business expenses related to the real property and have steadily increased my cash flow in order to propose a confirmable Plan that maximizes the return to the creditors of this estate.

I declare under penalty of perjury under the laws of California that the foregoing is true and correct and that this Declaration was executed this 6th day of April, 2016, at Los Angeles, California.

_Paula Rae Oliver_
Paula Rae Oliver
Debtor and Debtor-in-possession

DECLARATION OF PAULA RAE OLIVER 1

| In re: | | CHAPTER: **11** |
|---|---|---|
| **Paula Rae Oliver** | Debtor(s). | CASE NUMBER: **2:15-bk-18116-VZ** |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**The World Trade Center**
**350 S. Figueroa Street, Suite 189**
**Los Angeles, CA 90071**

A true and correct copy of the foregoing document entitled (*specify*): **Motion to Confirm Chapter 11 Plan of Reorganization; Declaration of Paula Rae Oliver in Support Thereof** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On  **4/07/16**  , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Debtor's Attorney:** Anthony Egbase on behalf of Debtor: info@anthonyegbaselaw.com
**Attorney for US Trustee: K**elly L Morrison on behalf of U.S. Trustee United States Trustee (LA)kelly.l.morrison@usdoj.gov
**US Trustee:** United States Trustee (LA): ustpregion16.la.ecf@usdoj.gov
**Creditor's Attorney:** Leslie M Klott on behalf of Creditor Deutsche Bank National Trust Company as Trustee for HSI Asset Loan Obligation Trust 2007-AR1, Mortgage Pass-Through Certificates, Series 2007-AR1 bankruptcy@zievelaw.com
**Creditor's Attorney:** Leslie M Klott on behalf of Creditor Ocwen Loan Servicing, LLC bankruptcy@zievelaw.com
**Creditor's Attorney:** Kelly M Raftery on behalf of Creditor The Bank of New York Mellon, f/k/a The Bank of New York, as trustee, on behalf of the holders of the Alternative Loan Trust 2007-HY9, Mortgage Pass-Through Certificates Series 2007-HY9, its assignees bknotice@mccarthyholthus.com, kraftery@ecf.courtdrive.com
**Creditor's Attorney:** Gilbert B Weisman, II on behalf of Creditor Main Street Acquisition Corp notices@becket-lee.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On  **4/7/16**  , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Debtor, Secured Creditors, Twenty Largest Unsecured Creditors, and ALL Interested Parties**

☑ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on  **4/7/16**  , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Personal Delivery:**
**Chambers of the Honorable, Vincent Zurzolo - 255 E. Temple Street, Suite 1360, Los Angeles, CA 90012**

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 4/07/16 | Samantha Hernandez | /s/ Samantha Hernandez |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June  2012*                                                                                                                                             **9013-3.1.PROOF.SERVICE**

**Debtor:**
Paula Rae Oliver
4209 Scott Street
Torrance, CA 90503

**Debtor's Attorney:**
Anthony O. Egbase
A.O.E Law & Associates
350 S. Figueroa Street, Suite 189
Los Angeles, CA 90071

**Attorney for U.S Trustee:**
United States Trustee (LA)
725 S Figueroa St., 26th Floor
Los Angeles, CA 90017

**Secured Creditors:**
Bosco Credit II Trust Series
c/o Franklin Credit Management Corp.
Attn: Corporate Officer
P.O Box 5147
Carol Stream, IL 60197-5147

Deutsche Bank National Trust Company
c/o Ocwen Loan Servicing
Attn: Corporate Officer
P.O Box 245605
West Palm Beach, FL 33416

Ocwen Loan Serving, LLC
Agent for Service of Process:
Corporation Service Company which will do business in California as CSC Service
2710 Gateway Oaks Drive, Suite 100
Sacramento, CA 95833

The Bank of New York Mellon
c/o Select Portfolio Servicing
3815 South West Temple
Salt Lake City, UT 84115-4412

Select Portfolio Servicing, Inc.
Agent for Service of Process:
Corporation Service Company which will do business in California as CSC Service
2710 Gateway Oaks Drive, Suite 100
Sacramento, CA 95833

Los Angeles County Tax Collector
PO Box 54110
Los Angeles, CA 90054-0110

2955 Main Street
Irvine, CA 92614

**Twenty Largest Unsecured Creditors (Note this category also contains all general unsecured creditors)**
Citibank, N.A
701 East 60th Street North
Sioux Falls, SD 57117

HSBC Card Services
C/O Becket and Lee LLP
P.O Box 3001
Malvern, PA 19355

Merrick Bank
Resurgent Capital Services
P.O Box 10368
Greenville, SC 29603

Resurgent Capital Services
P.O Box 19008
Greenville, SC 29602

Capital One Bank USA, NA
PO Box 71083
Charlotte, NC 28272-1083

**Interested Parties:**
**Leassees:**
Eriko Navratil
1 Rockinghorse Road
Rancho Palos Verdes, CA 90275

Eufemio M. DeCeita
1 Rockinghorse Rd
Rancho Palos Verdes, CA 90275

**Governmental Entities:**
Franchise Tax Board
PO Box 2952
Sacramento, CA 95812

Internal Revenue Service
300 North Los Angeles Street
M/S 5022
Los Angeles, CA 90012-3351