Crystle Jane Lindsey (SBN 281944)
LAW OFFICE OF CRYSTLE JANE LINDSEY
1850 Whitley Ave., #411
Los Angeles, CA 90028
Phone: (310) 882-1863; Fax: (213) 784-9829
Email: crystle@cjllaw.com

Proposed Attorney for Debtor and Debtor-in-possession
PAULA RAE OLIVER

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No.: 2:15-bk-18116-VZ |
| **PAULA RAE OLIVER**, | Chapter 11 |
| Debtor and Debtor-In-Possession. | **DEBTOR'S NOTICE OF MOTION AND MOTION TO APPROVE MODIFICATION TO CONFIRMED FIRST AMENDED PLAN OF REORGANIZATION PURSUANT TO 11 U.S.C. § 1127(e); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF PAULA RAE OLIVER IN SUPPORT THEREOF** |
| | Hearing Information: <br> DATE:     October 30, 2018 <br> TIME:     11:00 a.m. <br> PLACE:   255 E. Temple St. <br>                  Courtroom 1339 <br>                  Los Angeles, CA 90012 |

**TO THE HONORABLE VINCENT P. ZURZOLO, UNITED STATES BANKRUPTCY JUDGE; AND ALL PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that on October 30, 2018 at 11:00 a.m., Paula Rae Oliver, the debtor and debtor-in-possession in the above-captioned chapter 11 case ("Case"), will and does hereby moves the Court pursuant to this motion (the "Motion")

for an order (1) approving modifications to the First Amended Plan of Reorganization of the dated January 5, 2016 [Docket No. 94] (the "Plan"); and (2) confirming the Plan as modified.

This Motion is based on the Memorandum of Points and Authorities set forth herein, the declaration of Paula Rae Oliver attached hereto, all pleadings and records on file with the Court and such other evidence, oral or documentary, as may be presented to the Court at the hearing.

**PLEASE TAKE ADDITIONAL NOTICE** that this Motion is being heard on regular notice pursuant to LBR 9013-1. If you wish to oppose this Motion, you must file a written response with the court and serve a copy of it upon the Debtor's attorney at the address set forth in the above caption no less than fourteen (14) days prior to the above hearing date. If you fail to file a written response to this Motion within such time period, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

DATED: October 9, 2018                    LAW OFFICE OF CRYSTLE JANE LINDSEY

                                          By:    /s/ Crystle Jane Lindsey
                                                 CRYSTLE JANE LINDSEY
                                                 Attorney for Debtor Paula Rae Oliver

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

By this Motion, the Debtor request approval of modifications of Debtor's confirmed Chapter 11 Plan of Reorganization (the "Plan") pursuant to 11 U.S.C. § 1127(e).  Since confirmation of Debtor's Plan, Debtor has completed all payments to unsecured creditors. However, due to a reduction in income, Debtor became delinquent on payments owed to secured and priority tax claimants under the Plan.

As a result, Debtor decided it was in the best interest of the estate to sell both of her real properties. Debtor has sold both of her real properties pursuant to Court approval and provided payments to secured and priority tax creditors through the sale proceeds of Debtor's real properties.  As a result, Debtor seeks to modify the confirmed Plan to reduce the time period for plan payments and to account for the payments made to creditors through the sale proceeds of both real properties.

## II.    BACKGROUND

### A.    The Bankruptcy Case

On May 20, 2015, Paula Rae Oliver, the debtor and debtor-in-possession (the "Debtor"), commenced this bankruptcy case by filing a voluntary petition under chapter 11 of the United States Bankruptcy Code.  At the time of filing, Debtor owned two real properties located at 1 Rockinghorse Road, Rancho Palos Verdes, CA 90275 (the "Rockinghorse Property") and 4209 Scott Street, Torrance, CA 90503-5450 (the "Scott Street Property").  Debtor filed the instant case in order to reorganize her debts, and specifically wished to reorganize the deeds of trust secured by Debtor's real properties, and the loan secured by her 2012 BMW.

/./.

### B. The Confirmed Plan

On May 12, 2016, the Court entered the Order Confirming First Amended Plan of Reorganization Dated January 25, 2016 [Docket No. 107] (the "Plan" and "Confirmation Order"). Attached as Exhibit "1" is a true and correct copy of the Confirmation Order. The claims paid through Debtor's Plan are described below.

#### 1. Deutsche Bank National Trust Company

Pursuant to the Plan, Deutsche Bank National Trust Company's ("Deutsche"), holder of the first deed of trust secured by Debtor's Rockinghorse Property, had a secured claim of $845,000.00 paid over 249 months beginning September 1, 2015 and continuing until June 1, 2036 on which date the full remaining balance owed would be due. The payments were amortized over 30 years and repaid in equal monthly installments at 5.0% interest. Deutsche's unsecured claim of $855,482 shall be treated as an unsecured claim and receive a dividend of 0.8% pursuant to the Plan. Deutsche's secured claim is designated as class 5(d) in the Plan.

#### 2. Bank of New York Mellon

Pursuant to the Plan, the Bank of New York Mellon ("BONY"), holder of the first deed of trust secured by Debtor's Scott Street Property, had a secured claim of $730,117.81 paid at 4.5% interest with a maturity date of July 1, 2046. BONY's secured claim is designated as class 2(c) in the Plan.

Debtor's Scott Street Property was also encumbered by a secured claim held by the Los Angeles County Tax Collector and Treasurer ("LACTT"). Pursuant to the Plan, LACTT's secured claim of $16,238.98 was to be paid at 18% interest.

/./.

/./.

### 3.    *Internal Revenue Service*

Pursuant to the Plan, the Internal Revenue Service (the "IRS") held a secured claim in the amount of $13,067 paid at 3.0% interest. The IRS's secured claim is designated as class 5(b) in the Plan.

### 4.    *Franchise Tax Board*

Pursuant to the Plan, the Franchise Tax Board (the "FTB") held a secured claim in the amount of $6,589.27 paid at 3.0% interest. The FTB's secured claim is designated as class 5(c) in the Plan.

### 5.    *Santander Consumer USA*

Pursuant to the Plan, Santander Consumer USA ("Santander"), held a secured claim in the amount of $6,589.27 paid at 4.0% interest. Santander's secured claim is designated as class 5(e) in the Plan.

## C.    Post-Confirmation Events

Since confirmation of Debtor's Plan, a number of events have occurred.  Due to a reduction in personal income, Debtor fell behind on payments to secured claimants BONY and Deutsche, the lienholders of each of her real properties.  Debtor also became delinquent on payments to Santander, the IRS and the LACTT. As a result, Debtor determined it was in the best interest of the estate to sell both of her real properties.

On January 30, 2018, the Court entered the Order Approving Sale of Debtor's Scott Street Property (Docket No. 192). Through the sale of Debtor's Scott Street Property, the first lien held by the Bank of New York Mellon was paid in full. Additionally, the priority tax claims held by the IRS for tax years 2012, 2013, 2015 and 2016 were paid in full through the sale proceeds of Debtor's Scott Street Property.

Additionally, the LACTT was also paid in full.  Attached as Exhibit "2" is a true and correct copy of the Order Authorizing Sale of Debtor's Scott Street Property.

On August 20, 2018, the Court entered the Order Approving Sale of Debtor's Rockinghorse Property (Docket No. 232). Through the sale proceeds of Debtor's Rockinghorse Property, the first lien held by Deutsche Bank National Trust Company will be paid in full.  Debtor will also pay Santander's secured claim in full through the sale proceeds from Debtor's Rockinghorse Property.  Attached as Exhibit "3" is a true and correct copy of the Order Authorizing Sale of Debtor's Rockinghorse Property.

Additionally, the fees owed to Debtor's former counsel, A.O.E. Law & Associate, will be paid in full through the sale of my Rockinghorse Property. The sale of Debtor's Rockinghorse Property has not yet closed because there is an issue with escrow on the exact amount required to paid to Debtor's former counsel, A.O.E. Law & Associates, for the balance of its fee application. However, the buyer is aware of the issue and has agreed to wait until the issue is resolved. Debtor has also moved the Court to clarify and/or amend the Sale Order Approving Sale of Debtor's Rockinghorse Property in order to clarify the amount to be paid to Debtor's former counsel.

### D.    Proposed Modifications to Plan

Debtor proposes to modify her confirmed Plan to reduce the time period for plan payments and allow for early payment to her secured and priority tax creditors. Debtor's confirmed Plan required Debtor to provide payments over time to her secured and priority creditors.  However, with the sale of both of Debtor's properties, Debtor proposes to modify her confirmed Plan to allow for early payoff to each of Debtor's secured and priority creditors.

BONY was paid in full through the sale of Debtor's Scott Street Property. Additionally, secured lienholder Deutsche will also be paid in full through the sale of Debtor's Rockinghorse Property. Priority claimants, the IRS and the LACTT, have also been paid early and in full through sale of Debtor's Scott Street Property. Lastly, Santander will also be paid in full through sale of Debtor's Rockinghorse Property.

As explained above, Debtor completed all of the required payments to her unsecured creditors as required under Debtor's confirmed Plan. In regard to the balance of fees owed to Debtor's former counsel, A.O.E. Law & Associates, Debtor will pay the balance owed though the sale proceeds of Debtor's Rockinghorse Property as well. Debtor intends to incorporate the modifications into the Confirmation Order through an order granting the Motion.

### III.    THE PROPOSED MODIFICATIONS SHOULD BE APPROVED

Debtor proposes to make the modifications to the Plan pursuant to 11 U.S.C. § 1127(e). Section 11 U.S.C. 1127(e) provides:

> "If the debtor is an individual, the plan may be modified at any time after confirmation of the plan but before the completion of payments under the plan, whether or not the plan has been substantially consummated, upon request of the debtor, the trustee, the United States trustee, or the holder of an allowed unsecured claim, to—
>
> (1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;
>
> (2) extend or reduce the time period for such payments; or

(3) alter the amount of the distribution to a creditor whose claim is

provided for by the plan to the extent necessary to take account of

any payment of such claim made other than under the plan."

11 U.S.C. § 1127(e).

### A.    Debtor Has Not Completed All Payments Under the Plan

In this instance, Debtor is the reorganized debtor seeking modification of the

Plan.  Additionally, Debtor has not completed all payments required under the Plan.

While Debtor has completed all payments owed to non-priority unsecured claimants

under the Plan, Debtor has not completed all payments owed to secured and priority tax

claimants. Thus, Debtor meets this requirement under 11 U.S.C. 1127(e).

### B.    Debtors Seeks to Reduce the Time Period for Plan Payments

Through modification of the Plan, Debtor seeks to reduce the time period of Plan

payments.  Debtor's confirmed Plan required payments to first lienholders, BONY and

Deutsche, over thirty-year periods with final payments in 2046.  Additionally, payments

to the IRS, LACTT and Santander required payment period of five years.  Debtor now

wishes to modify the Plan to shorten this period based on all claimants being paid in full

through the sale proceeds of Debtor's real properties.

### C.    Debtor Seeks to Account for Payments Made to Creditors Through
### Sale of Debtor's Properties

As explained above, Debtor has successfully sold her two real properties with

Court approval. Through the sale proceeds of both real properties, Debtor has made

payments to secured and priority tax creditors.  As a result, Debtors seeks to modify the

amount of the distribution to secured and priority tax claimants to account for payments

not made under the Plan, but instead made through the sale proceeds of Debtor's real

properties.

Debtor has successfully paid BONY, the IRS and LACTT through the sale of

Debtor's Scott Street property.  Through the sale of Debtor's Rockinghorse Property,

Deutsche, Santander and Debtor's former counsel, A.O.E. Law & Associates, will also

be paid in full.

## IV.    CONCLUSION

Based on the foregoing, Debtors request that the Court grant the Motion,

approve the modifications proposed herein, and confirm the Plan as modified.


DATED: October 9, 2018                    LAW OFFICE OF CRYSTLE JANE LINDSEY


                                          By:    /s/ Crystle Jane Lindsey
                                                 CRYSTLE JANE LINDSEY
                                                 Attorney for Debtor Paula Rae Oliver

**DECLARATION OF PAULA RAE OLIVER IN SUPPORT OF DEBTOR'S MOTION TO**

**APPROVE MODIFICATION TO CONFIRMED FIRST AMENDED PLAN OF**

**REORGANIZATION PURSUANT TO 11 U.S.C. § 1127(e)**

I, Paula Rae Oliver, declare as follows:

1.      I am the debtor and debtor-in-possession (the "Debtor") in the instant voluntary Chapter 11 bankruptcy case filed on May 20, 2015.

2.      I make this declaration in support of Debtor's Motion to Approve Modification to Confirmed First Amended Plan of Reorganization Pursuant to 11 U.S.C. 1127(e) (the "Motion").

3.      On May 12, 2016, the Court entered the Order Confirming First Amended Plan of Reorganization Dated January 25, 2016 ("Plan") (the "Confirmation Order").

4.      Since my Plan was confirmed, I have finished payments owed to all of my unsecured non-priority claimants.

5.      After my Plan was confirmed, I was unable to afford the payments owed to my secured claimants and decided it was in the best interest of the estate to sell my two real properties located at 1 Rockinghorse Road, Rancho Palos Verdes, CA 90275 (the "Rockinghorse Property") and 4209 Scott Street, Torrance, CA 90503-5450 (the "Scott Street Property") with Court approval.

6.      On January 30, 2018, the Court entered the Order Approving Sale of my Scott Street Property (Docket No. 192). Through the sale of my Scott Street Property, the first lien held by the Bank of New York Mellon was paid in full.

7.    Additionally, the priority tax claims held by the Internal Revenue Service ("IRS") for tax years 2012, 2013, 2015 and 2016 were paid in full through the sale proceeds of my Scott Street Property.

8.    On August 20, 2018, the Court entered the Order Approving Sale of my Rockinghorse Property. Through the sale proceeds of my Rockinghorse Property, the first lien held by Deutsche Bank National Trust Company will be paid in full.

9.    I will also pay Santander Consumer USA ("Santander"), who holds a secured claim against my BMW, in full through the sale proceeds from my Rockinghorse Property.

10.    Additionally, the fees owed to my former counsel, A.O.E. Law & Associate, will be paid in full through the sale of my Rockinghorse Property.

11.    I wish to modify by Plan pursuant to 11 U.S.C. 1127(e) because both of my properties have been sold and the secured claimants have been paid in full. Additionally, the priority tax claims held by IRS have also been paid in full. I have also completed all of my payments owed to my non-priority unsecured claims.

12.    I have reviewed the instant Motion and supporting exhibits, and its contents are true and correct to the best of my knowledge.

13.    The instant modifications have been proposed in good faith and are consistent with the objectives of the
Bankruptcy Code.

14.    I respectfully request that the Court enter an order approving modification of my Plan.

DECLARATION OF PAULA RAE OLIVER IN SUPPORT OF MOTION TO APPROVE MODIFICATIONS TO CONFIRMED PLAN - 2

1

2

      I declare and verify under penalty of perjury under the law of California that the

3

foregoing is true and correct to the best of my knowledge.  Executed on October 10,

4

2018 in Torrance, California.

5

6

7

8
                                      Paula Rae Oliver

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF PAULA RAE OLIVER IN SUPPORT OF MOTION TO APPROVE MODIFICATIONS TO
CONFIRMED PLAN - 3

# EXHIBIT "1"

# EXHIBIT "1"

Anthony O. Egbase, Esq. (SBN 181721)
Victoria T. Orafa, Esq. (SBN: 265037)
Kevin Tang, Esq. (SBN: 291051)
**A.O.E LAW & ASSOCIATES | A Professional Law Corporation**
350 South Figueroa Street, Suite 189 Los Angeles, California 90071
Tel. (213) 620-7070; Fax. (213)-620-1200
*info@aoelaw.com*

General Insolvency Counsel For
Debtor and Debtor -in-Possession

FILED & ENTERED

MAY 12 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY carranza  DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA-LOS ANGELES DIVISION

In Re:

Paula Rae Oliver

Debtor and Debtor-in-possession

Case No. **2:15-bk-18116-VZ**

Chapter 11

**ORDER CONFIRMING CHAPTER 11 PLAN OF REORGANIZATION**

**COURT DOCKET NO. 127**

**Plan Confirmation Hearing**:
**DATE:**  April 28, 2016
**TIME:**    1:30 p.m.
**PLACE:** Courtroom 1368, 255 E. Temple St., Los Angeles, CA 90012

At the above mentioned time and place, a plan confirmation hearing was held before the Honorable Vincent Zurzolo, United States Bankruptcy Judge, to determine whether or not the Chapter 11 Plan proposed by Paula Rae Oliver, debtor, (the "Plan") should be confirmed.

The Court having found that,

1.  This plan confirmation hearing was duly noticed to all creditors, all interest holders, the Office of the United States Trustee, and all other parties entitled to notice;

2.  Classes 2(c), 5(d) and 6(b) voted to accept the Plan.

1

3.  As to Class 2(c) Creditor: The Treatment of Class 2(c) shall be pursuant to the terms and provisions of that Stipulation between the parties at Docket Number 90, which is incorporated herein by this reference.

4.  As to Class 5(d) Creditor: The Treatment of Class 5(d) shall be pursuant to the terms and provisions of that Stipulation between the parties at Docket Number 65, which is incorporated herein by this reference.

5.  The treatment proposed by the Plan for Class 6(b) does not discriminate unfairly with regard to this class of claims and is fair and equitable with regard to the Class 6(b) claims, in that no class of claims or interests that is junior to Class 6(b) is permitted to receive or retain anything under the plan on account of such claim or interest, with the exception of the debtor, who is retaining property included in the estate under Bankruptcy Code section 1115 and who has satisfied the requirements of Bankruptcy Code section 1129(a)(15);

6.  The debtor is an individual and has provided evidence sufficient to permit the Court to conclude that the value of the property to be distributed under the Plan is not less than the projected disposable income of the debtor to be received within the 5-year period beginning on the date that the first payment is due under the plan;

7.  The Court has found the Plan met all the requisite requirements for confirmation under § 1129(a) and (b).

**IT IS HEREBY ORDERED:**

1.  The Plan is hereby confirmed.

2.  "By August 11, 2016, Paula Rae Oliver shall file a status report explaining what progress has been made toward consummation of the confirmed plan of reorganization. The initial report shall be served on the United States trustee, the 20 largest unsecured creditors, and those parties who have requested special notice. Further reports shall be filed every 120 days thereafter and served on the

same entities, unless otherwise ordered by the court.  A postconfirmation status conference will be

held on August 25, 2016 at 9:30 a.m. in Courtroom 1368.

3.   Unless otherwise provided in the plan, if the above-referenced case is converted to one under chapter

7, the property of the reorganized debtor shall be revested in the chapter 7 estate, except that, in

individual cases, the postpetition income from personal services and proceeds thereof, and

postconfirmation gifts or inheritances pursuant to 11 U.S.C. §§ 541(a)(5)(A), 541(a)(6), 1115(a) or

1115(b), shall not automatically revest in the chapter 7 estate.

4.   Notwithstanding anything contained in the Plan to the contrary, the debtor shall not be entitled to

receive a discharge until all payments required to be made under the Plan to the holders of

unclassified claims, priority claims and general unsecured claims have been paid in full. Once the

debtor has made all of these payments, she shall file and serve a declaration to this effect and a

request for the entry of a discharge and shall lodge a proposed order granting their discharge.

**ORDERED**

###

Date: May 12, 2016

Vincent P. Zurzolo
United States Bankruptcy Judge

# EXHIBIT "2"

# EXHIBIT "2"

Anthony O. Egbase (SBN 181721)
Crystle J. Lindsey (SBN 281944)
**A.O.E. LAW & ASSOCIATES, A.P.C.**
350 South Figueroa Street, Suite 189
Los Angeles, California 90071
Ph: (213) 620-7070; Fax: (213) 620-1200
Email: info@aoelaw.com
Attorneys for the Debtor and Debtor-in-possession

FILED & ENTERED

JAN 30 2018

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY carranza  DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| **In re:** | Case No. 2:15-bk-18116-VZ |
| **PAULA RAE OLIVER,** | Chapter 11 |
| **Debtor and Debtor-in-possession.** | **ORDER GRANTING DEBTOR'S MOTION FOR ORDER APPROVING: (1) SALE OF INTERESTS IN REAL PROPERTY LOCATED AT 4209 SCOTT STREET, TORRANCE, CA 90503 FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES; (2) PAYMENT OF CLOSING COSTS INCLUDING BROKERAGE COMMISSIONS AND ATTORNEY'S FEES; AND (3) DISBURSEMENT OF FUNDS TO SECURED CREDITORS IN FULL SATISFACTION OF ALL CLAIMS** |
| | HEARING |
| | DATE:    January 9, 2018 |
| | TIME:    11:00 a.m. |
| | PLACE:  255 E. Temple St., Crtrm. 1368 |
| | Los Angeles, CA 9012 |

The Motion for Order Approving: (1) Sale of Interests In Real Property Located At 4209 Scott Street, Torrance, CA 90503 (the "Property") Free And Clear of All Liens, Claims And Encumbrances; (2) Payment Of Closing Costs Including Brokerage Commissions And Attorneys' Fees; And (3) Disbursement of Funds To Secured Creditors In Full Satisfaction of All Claims (the "Motion," ECF Docket No. 165 ) filed on Novmber 29, 2017 by Debtor and Debtor-in-possession, Paula Rae Oliver (the "Debtor") came on for hearing on January 9, 2017, at 11:00 a.m., the Honorable Vincent P. Zurzolo presiding.  Appearances are noted on the record.

The Court has considered the Motion and its supporting evidence, the notice of Motion, all other pleadings and papers filed in this case and the oral arguments of counsel on the record at the hearing. The Court finds that the Debtor has exercised sound and proper business judgment in determining to sell the Property to John Kirkemo and Dawn Kirkemo (the "Buyers") for a purchase price of $880,000.00.  The sale shall be pursuant to the California Residential Purchase Agreement and Joint Escrow Instructions ('PSA") in substantially the form as attached to the Motion as Exhibit "A". The Debtor and Buyers have exercised good faith within the meaning of 11 U.S.C. § 363(m) in connection with the negotiation, execution, delivery, and consummation of the sale of the Property. For these reasons and for the reasons set forth in the Motion and on the record, the Court rules as follows:

IT IS HEREBY ORDERED that:

1.  The Motion is granted in its entirety;

2.  The PSA is approved;

3.  The Debtor is authorized to enter into the PSA and sign all documents necessary to consummate the sale and close escrow, including but not limited to the grant deed and escrow instructions;

4.  The Debtor is authorized to convey, outside the ordinary course of business, fee title to the real property of the Estate commonly known as 4209 Scott Street, Torrance, California 90503, and is legally described as:

LOT 702 TRACT NO. 21676 ABBREVIATED DESCRIPTION:   LOT: 702 CITY: REGION/CLUSTER: 14/14173 TR321676 TRACT NO. 21676 LOT 72 CITY/MUNI/TWP: REGION/CLUSTER: 14/14173

5.  The sale of the Property shall be "as-is" and "where-is" with all faults and without warranty, representation, or recourse whatsoever;

6.  John Kirkemo and Dawn Kirkemo are the approved Buyers of the Property and are entitled to the protections set forth in 11 U.S.C §363(m) as good faith purchaser;

7.  The sale price is $880,000.00;

8.  The loan secured by a first lien on the Property will be paid in full as of the date of the closing of the sale, and the sale will be conducted through an escrow and based on a non-expired contractual payoff statement received directly from Select Portfolio Servicing, Inc., servicing agent for The Bank of New York Mellon fka The Bank of New York, as trustee, for the Certificateholders CWALT, INC., Alternative Loan Trust 2007-HY9 Mortgage Pass-Through Certificates, Series 2007-HY9.  As of January 18, 2018, the BONY Payoff amount is currently $768,249.00;

9.  In regards to the second lien recorded on the Property held by lienholder, Rajesh Vashdev, per the Court's Order Determinging Value of the Property, signed by

the Court on August 28, 2015, the second lien is wholly unsecured and shall receive zero from Escrow;

10. The Internal Revenue Service (the "IRS") liens on the Property for the tax years 2004, 2008, 2009, and 2014, will be paid in full as of the date of the closing of the sale, and the sale will be conducted through an escrow and based on a non-expired payoff statement received directly from the Internal Revenue Service. As of January 18, 2018, the IRS Liens Payoff amount is $34,931.81. Interest and penalties continue to accrue until the liens are paid in full;

11. To the extent remaining funds are available in escrow after payment of the first deed held by BONY, and the IRS liens, the Debtor is authorized to pay the IRS, on account of its priority claims and post-petition claims for 2015 and 2016, in full through escrow. To the extent funds are available, the IRS claims should be paid in the order set forth below. The following claim amounts are calculated through January 18, 2018:

IRS Priority Claim (Tax Years 2012 & 2013)

$28,556.66

IRS Post-Petition Claim (Tax Year 2015)

$762.23

IRS Post-Petition Claim (Tax Year 2016)

$6,607.97

The payment on the Priority and Post-Petition Claims for 2015 and 2016 shall be based on a non-expired payoff statement received directly from the IRS. Interest and Penalties continue to accrue until the claims are paid in full.

12. Escrow is authorized to pay Buyer's brokers' commission, seller's share of customary closing costs, and administrative costs from Escrow;

13. Escrow is directed to pay any net proceeds, if any, currently estimated to be approximately $605.00, to A.O.E. Law & Assocaites, to pay toward the balance of $7,215.00 for attorney's fees and costs owed A.O.E. Law & Associates for its First Interim Fee Application, for the application period of May 26, 2015, through and including January 12, 2016, granted by the Court on February 29, 2016 (ECF Docket No. 115);

14. The Buyers shall receive title to the Property free and clear of all other liens, claims and interests pursuant to 11 U.S.C. § 363(f);

15. Should the Buyer not timely complete the purchase of the Property, the Debtor is authorized to cancel the sale pursuant to California law and the terms of the PSA. If the sale is canceled, the Debtor is authorized to retain the Buyer's deposit; and

16. This Court retains jurisdiction: (a) to interpret, enforce, and implement the terms and provisions of this order; and (b) to resolve any disputes arising under or related to this order.

###

Date: January 30, 2018

Vincent P. Zurzolo
United States Bankruptcy Judge

# EXHIBIT "3"

# EXHIBIT "3"

Anthony O. Egbase (SBN 181721)
**A.O.E. LAW & ASSOCIATES, A.P.C.**
350 South Figueroa Street, Suite 189
Los Angeles, California 90071
Ph: (213) 620-7070; Fax: (213) 620-1200
Email: info@aoelaw.com
Attorneys for the Debtor and Debtor-in-possession

FILED & ENTERED

AUG 20 2018

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY carranza  DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| **In re:** | Case No. 2:15-bk-18116-VZ |
| **PAULA RAE OLIVER,** | Chapter 11 |
| **Debtor and Debtor-in-possession.** | **ORDER GRANTING DEBTOR'S  MOTION FOR AUTHORITY TO SELL ESTATE PROPERTY (1 ROCKINGHORSE ROAD, RANCHO PALOS VERDES, CA 90275) FREE AND CLEAR OF ALL LIENS, CLAIMS AND INTERESTS; AND GRANTING CERTAIN RELATED RELIEF** |
| | HEARING |
| | DATE:    August 7, 2018 |
| | TIME:    11:00 a.m. |
| | PLACE:  255 E. Temple St., Crtrm. 1368 |
| |                Los Angeles, CA 9012 |

The Motion for Order Approving: (1) Sale of Interests In Real Property Located At 1 Rockinghorse Road, Rancho Palos Verdes, CA 90275 (the "Property") Free And Clear of All Liens, Claims And Encumbrances; (2) Payment Of Closing Costs Including Brokerage Commissions And Attorneys' Fees; And (3) Disbursement of Funds To Secured Creditors In Full Satisfaction of All Claims (the "Motion," Docket No. 220 ) filed on July 16, 2018 by Debtor and Debtor-in-possession, Paula Rae Oliver (the "Debtor") came on for hearing on August 7, 2018, at 11:00 a.m., the Honorable Vincent P. Zurzolo presiding. Appearances are noted on the record.

The Court has considered the Motion and its supporting evidence, the notice of Motion, all other pleadings and papers filed in this case and the oral arguments of counsel on the record at the hearing. The Court finds that the Debtor has exercised sound and proper business judgment in determining to sell the Property to Freetown Holdings Company (the "Buyer") for a purchase price of $1,200,000.00. The sale shall be pursuant to the California Residential Purchase Agreement and the Palm West Escrow Escrow Statement ('PSA") in substantially the form as attached to the Motion as Exhibit "A" and Exhibit "B. The Debtor and Buyer have exercised good faith within the meaning of 11 U.S.C. § 363(m) in connection with the negotiation, execution, delivery, and consummation of the sale of the Property. For these reasons and for the reasons set forth in the Motion and on the record, the Court rules as follows:

IT IS HEREBY ORDERED that:

1. The Motion is **granted** in its entirety;

2. The PSA is approved;

3.  The Debtor is authorized to enter into the PSA and sign all documents necessary
    to consummate the sale and close escrow, including but not limited to the grant
    deed and escrow instructions;

4.  The Debtor is authorized to convey, outside the ordinary course of business, fee
    title to the real property of the Estate commonly known as 1 Rockinghorse Road,
    Rancho Palos Verdes, CA 90275, and is legally described as: MAP 14538, in the
    city of Rancho Palos Verdes, County of Los Angeles, State of Califorina, as per
    map recorded in Book 154 Page 83 to 84 of Parcel Maps, in the office of the
    County Recorder of said county.

5.  The sale of the Property shall be "as-is" and "where-is" with all faults and without
    warranty, representation, or recourse whatsoever;

6.  Freetown Holdings Company is the approved Buyer of the Property and is entitled
    to the protections set forth in 11 U.S.C §363(m) as good faith purchaser;

7.  The sale price is $1,200,000.00;

8.  The loan secured by a first lien on the Property will be paid in full as of the date
    of the closing of the sale, and the sale will be conducted through an escrow and
    based on a non-expired contractual payoff statement received directly from
    Deutsche Bank National Trust Company as Trustee for HIS Asset Loan
    Obligation Trust 2007-AR1, Mortgage Pass-Through Certificates, Series 2007-
    AR1.  As of July 16, the Ocwen Loan Servicing Payoff amount is currently
    $900,000.00;

9.  In regards to the second lien recorded on the Property held by lienholder, Bosco
    Credit Trust II, per the Court's Order Determining Value of the Property, signed

by the Court on August 18, 2015, the second lien is wholly unsecured and shall receive zero from Escrow;

10. The Los Angeles County Tax Collector (the "LAC") liens on the Property for the tax years 2017, 2018, will be paid in full as of the date of the closing of the sale, and the sale will be conducted through an escrow and based on a non-expired payoff statement received directly from the Los Angeles County Tax Collector. As of July 16, 2018, the Los Angeles County Property Tax Liens Payoff amount is $34, 839.67. Interest and penalties continue to accrue until the liens are paid in full;

11. Escrow is authorized to pay Buyer's brokers' commission, seller's share of customary closing costs, and administrative costs from Escrow;

12. Escrow is directed to pay any net proceeds, if any, currently estimated to be approximately $32,215.18, to A.O.E. Law & Assocaites, to pay toward the balance of $27,215.18 for attorney's fees and costs owed A.O.E. Law & Associates for its First Interim Fee Application, for the application period of January 12, 2016 through January 12, 2018, granted by the Court on March 19, 2018 (ECF Docket No. 196);

13. The Buyer shall receive title to the Property free and clear of all other liens, claims and interests pursuant to 11 U.S.C. § 363(f);

14. Should the Buyer not timely complete the purchase of the Property, the Debtor is authorized to cancel the sale pursuant to California law and the terms of the PSA. If the sale is canceled, the Debtor is authorized to retain the Buyer's deposit; and

15. This Court retains jurisdiction: (a) to interpret, enforce, and implement the terms
and provisions of this order; and (b) to resolve any disputes arising under or
related to this order.

###

Date: August 20, 2018

Vincent P. Zurzolo
United States Bankruptcy Judge

**PROOF OF SERVICE**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

Law Office of Crystle Jane Lindsey, 1850 Whitley Ave., #411, Los Angeles, CA 90028

A true and correct copy of the foregoing document described **DEBTOR'S NOTICE OF MOTION AND MOTION TO APPROVE MODIFICATION TO CONFIRMED FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION PURSUANT TO 11 U.S.C. 1127(e); SUPPORTING DECLARATION OF PAULA RAE OLIVER; AND SUPPORTING EXHIBITS** manner indicated below:

I.  **TO BE SERV ED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**: Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **10/09/2018** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following p/erson(s) are on the Electronic Mail Notice List to receive NEF /transmission at the email address(es) indicated below:

Anthony Obehi Egbase on behalf of Debtor: info@aoelaw.com, sandy@ecf.inforuptcy.com;
Crystle J. Lindsey on behalf of Debtor: crystle@aoelaw.com
Clarissa D. Cu on behalf of Debtor:  clarissa@aoelaw.com
W. Sloan Youkstetter on behalf of Debtor:  sloan@aoelaw.com
Edith Walters on behalf of Debtor:  edie@aoelaw.com
Oscar Estrada on behalf the Los Angeles County Treasurer and Tax Collector:  oestrada@ttc.lacounty.gov
Leslie M. Klott on behalf of Deutsche Bank National Trust Company as Trustee for HSI Asset Loan Obligation Trust 2007-AR1, Mortgage Pass-Through Certificates, Series 2007-AR1; Ocwen Loan Servicing, LLC:  Leslie.Klott@carringtonmh.com
Dare Law on behalf of the Office of United States (LA): dare.law@usdoj.gov
Michael J McCormick on behalf of Bosco Credit II Trust Series 10-00001: bankruptcyecfmail@mccallaraymer.com
Kelly L. Morrison on behalf of the Office of the United States Trustee (LA):  Kelly.l.morrison@usdoj.gov
Randall P Mroczynski on behalf of Santander Consumer USA Inc.:  randym@cookseylaw.com
Kelly M Raftery on behalf of The Bank of New York Mellon:  bknotice@mccarthyholthus.com
Robert Rosvall on behalf of Debtor:  robertrosvall@gmail.com
Jolene Tanner on behalf of the Internal Revenue Service:  jolene.tanner@usdoj.gov
Gilbert B Weisman, ll on behalf of Main Street Acquisition Corp:  notices@becket-lee.com
Theron S. Covey on behalf of Deutshe Bank National Trust Company: tcovey@rasflaw.com
Leigh Faulkner on behalf of Quantum3 Group LLC:  bk.mail@quantum3group.com
Kristin A. Zilberstein on behalf of Bosco Credit II Trust Series 10-00001, its Assignees and/or Successors: kzilberstein@ghidottilaw.com

☐  Service information continued on attached page

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served)**:** On **10/09/2018** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor Via US Mail                        Judge's Copy Via US Mail
Paula Rae Oliver                          Chambers of the Honorable Vincent P. Zurzolo
4733 Torrance Blvd., #811                 255 E. Temple Street, Suite 1360
Torrance, CA 90503                        Los Angeles, CA 90012

☒  Service information continued on attached page

III.  **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 10/09/2018 | Akira Hernandez | /s/ Akira Hernandez |
|---|---|---|
| Date | PRINT NAME | SIGN NAME |

```
Label Matrix for local noticing       C.C.B. Law & Associates            Bosco Credit II Trust Series 2010-1, its Ass
0973-2                                 350 S Figueroa St Ste 189          The Law Offices of Michelle Ghidotti
Case 2:15-bk-18116-VZ                  Los Angeles, CA 90071-1117         1920 Old Tustin Avenue
Central District of California                                            Santa Ana, CA 92705-7811
Los Angeles
Tue Oct  9 23:18:39 PDT 2018

Deutsche Bank National Trust Company   Deutsche Bank National Trust Company as Trus   LOS ANGELES COUNTY TREASURER AND TAX COLLECT
Robertson, Anschutz & Schneid, P.L.    Law Offices of Les Zieve           PO BOX 54110
6409 Congress Avenue, Ste 100          30 Corporate Park, Suite 450       LOS ANGELES, CA 90054-0110
Boca Raton, FL 33487-2853              Irvine, CA 92606-3401

Main Street Acquisition Corp           Ocwen Loan Servicing, LLC          Quantum3 Group LLC as agent for
c/o Becket and Lee LLP                 Law Offices of Les Zieve           Wollemi Acquisitions LLC
POB 3001                               30 Corporate Park, Suite 450       PO Box 788
Malvern, PA 19355-0701                 Irvine, CA 92606-3401              Kirkland, WA 98083-0788

The Bank of New York Mellon, f/k/a The Bank   UNITED STATES OF AMERICA on behalf of the IN   Los Angeles Division
c/o McCarthy & Holthus, LLP            300 N. Los Angeles Street, Room 7211   255 East Temple Street,
1770 Fourth Avenue                     Attn: Jolene Tanner                Los Angeles, CA 90012-3332
San Diego, CA 92101-2607               Los Angeles, CA 90012-3342

Bosco Credit II Trust Series           Bosco Credit II Trust Series 2010-1   Capital One Bank (USA), N.A.
Franklin Credit Management Corp.       c/o Franklin Credit Management Corp   PO Box 71083
P.O Box 2301                           P.O. Box 5147                      Charlotte, NC  28272-1083
Jersey City, NJ 07303-2301             Carol Stream, IL 60197-5147

Citibank, N.A                          Deutsche Bank National Trust Compan   Deutsche Bank National Trust Company
701 East 60th Street North             c/o Ocwen Loan Servicing            c/o Ocwen Loan Servicing, LLC
Sioux Falls, SD 57104-0493             Attn: Bankruptcy                   Attn: Bankruptcy Department
                                       P.O Box 245605                     P.O. BOX 24605
                                       West Palm Beach, FL 33416          West Palm Beach, FL 33416-4605

Deutsche Bank National Trust Company, as Tru   Eriko Navratil               Estate of Rajesh Vashdev
c/o Ocwen Loan Servicing, LLC          1 Rockinghorse Road                311 S Meadows
Attn: Cashiering Department            Rancho Palos Verdes, CA 90275-5255   Manhattan Beach, CA 90266-6909
1661 Worthington Road, Suite 100
West Palm Beach, FL 33409-6493

Eufemio M. DeCeita                     FRANCHISE TAX BOARD                Franchise Tax Board
1 Rockinghorse Rd                      BANKRUPTCY SECTION MS A340         PO Box 2952
Rancho Palos Verdes, CA 90275-5255     PO BOX 2952                        Sacramento, CA 95812-2952
                                       SACRAMENTO CA 95812-2952

(p)FRANKLIN CREDIT MANAGEMENT CORP     HSBC Card Services                 (p)INTERNAL REVENUE SERVICE
101 HUDSON STREET                      C/O Becket and Lee LLP             CENTRALIZED INSOLVENCY OPERATIONS
25TH FLOOR                             P.O Box 3001                       PO BOX 7346
JERSEY CITY NJ 07302-3984              Malvern, PA 19355-0701             PHILADELPHIA PA 19101-7346

Merrick Bank                           Ocwen Loan Serving, LLC            Resurgent Capital Services
Resurgent Capital Services             2710 Gateway Oaks Drive, Suite 100   P.O Box 19008
P.O Box 10368                          Sacramento, CA 95833-3505          Greenville, SC 29602-9008
Greenville, SC 29603-0368
```

Santander Consumer USA Inc.
P.O. Box 560284
Dallas, TX 75356-0284

Select Portfolio Servicing
P.O Box 65250
Salt Lake City, UT 84165-0250

Select Portfolio Servicing, Inc.
Agent for Service of Process:
Corporation Service Company which will d
business in California as CSC Service
2710 Gateway Oaks Drive, Suite 100
Sacramento, CA 95833-3505

The Bank of New York Mellon
C/O Select Portfolio Servicing, Inc.
3815 South West Temple
Salt Lake City, UT 84115-4412

The Wolf Firm
2955 Main Street
Irvine, CA 92614-2528

United States Trustee (LA)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017-3560

Clarissa D Cu
A.O.E. Law & Associates APC
350 S. Figueroa St., Ste. 189
Los Angeles, CA 90071-1117

Crystle Jane Lindsey
Law Office of Crystle Jane Lindsey
1850 Whitley Ave.
Suite 411
Los Angeles
Los Angeles, CA 90028-5164

Paula Rae Oliver
4209 Scott Street
Torrance, CA 90503-5450

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Franklin Credit Management Corporation
101 Hudson Street, 25th Floor
Jersey City, NJ 07302

INTERNAL REVENUE SERVICER
300 North Los Angeles Street
M/S 5022
Los Angeles, CA 90012

(d)Internal Revenue Service
P.O. Box 21126
Philadelphia, PA 19114

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Bosco Credit II Trust Series 2010-1

(u)Santander Consumer USA Inc.

(d)LOS ANGELES COUNTY TREASURER AND TAX COLLE
PO BOX 54110
LOS ANGELES CA 90054-0110

(d)Quantum3 Group LLC as agent for
Wollemi Acquisitions LLC
PO Box 788
Kirkland WA 98083-0788

End of Label Matrix
Mailable recipients    38
Bypassed recipients     4
Total                  42